**ATLANTA FIXTURE & SALES COMPANY, Inc., Plaintiff,**

v.

**BITUMINOUS FIRE & MARINE INSURANCE COMPANY, Pacific Indemnity Company, Security Insurance Company, Hardware Mutual Insurance Company of the Carolinas, and Phoenix of Hartford, Defendants.**

Civ. A. No. 13171.

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 30, 1970.

Arnall, Golden & Gregory, Atlanta, Ga., for plaintiff.

Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for Bituminous Fire & Marine Ins. Co., Pacific Indemnity Co., and Security Ins. Co.

Neely, Freeman & Hawkins, Atlanta, Ga., for Hardware Mutual Ins. Co. and Phoenix of Hartford.

ORDER DENYING DEFENDANTS' MOTION FOR ORDER COMPELLING ANSWERS TO INTERROGATOR

MOYE, District Judge.

Plaintiff has answered defendants third interrogatories by offering defendants the opportunity, pursuant to Rule 33(c) of the Federal Rules of Civil Procedure, to examine, audit or inspect plaintiff's records said to contain the information from which the answers to plaintiff's interrogatories may be derived.

The Court construes plaintiff's response as representing that plaintiff does not have available the answers to said interrogatories, or any part of said answers, apart from the proffered records which constitute the raw material from which said answers may be derived. It is permissible for a party to extend the offer of inspection contemplated by Rule 33(c) without previously having objected to the burdensomeness of the interrogatories where "the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served".

If the only source of the answers to the interrogatories is the raw materials specified by plaintiff and which defendants may examine, audit or inspect, then the requirements of Rule 33(c) appear now to be satisfied. However, if it should appear during the course of the proceeding, that this is not the case and plaintiff does, in fact, have available in more convenient form the answers to the defendants' third interrogatories, in whole or in part, then defendant may move for an appropriate order under Rule 37(d) of the Federal Rules of Civil Procedure, as for a failure to serve answers to interrogatories after proper service of said interrogatories.