Vincent A. MANGANO et al., Appellants,

v.

AMERICAN RADIATOR & STANDARD SANITARY CORP., Kohler Co., Crane Co., Universal-Rundle Corp., Rheem Manufacturing Co., Wallace-Murray Corp., Briggs Manufacturing Co., Borg-Warner Corp., Plumbing Fixtures Manufacturers Assoc.

Edward S. PETROS, Appellant,

v.

AMERICAN RADIATOR & STANDARD SANITARY CORP., Borg-Warner Corp., Crane Co., Kohler Co., Plumbing Fixture Manufacturing Association, Rheem Manufacturing Co., Universal-Rundle Corp., and Wallace-Murray Corp.

Vincent A. MANGANO and M & M Builders, Inc., a Virginia Corp., Appellants,

v.

AMERICAN RADIATOR & STANDARD SANITARY CORP., a Delaware Corp., Kohler Co., a Wisconsin Corp., Crane Co., an Illinois Corp., Universal Rundle Corp., Rheem Manufacturing Corp., Briggs Manufacturing Co., Borg-Warner Corp. & Plumbing Fixture Manufacturers Association.

Vincent A. MANGANO, Appellant,

v.

AMERICAN RADIATOR & STANDARD SANITARY CORP., a Delaware Corp., Kohler Co., a Wisconsin Corp., Crane Co., an Illinois Corp., Universal Rundle Corp., Rheem Manufacturing Corp., Briggs Manufacturing Co., Borg-Warner Corp. & Plumbing Fixture Manufacturers Association.

Nos. 19171–19174.

United States Court of Appeals, Third Circuit.

Argued Jan. 25, 1971.

Decided Feb. 18, 1971.

Paul D. Scanlon, McLean, Va., for appellants.

Fred A. Freund, Kaye, Scholer, Fierman, Hays & Handler, New York City (Sullivan & Cromwell, Cravath, Swaine & Moore, New York City, Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., Arnstein, Gluck, Weitzenfeld & Minow, Chicago, Ill., Pepper, Hamilton & Scheetz, Drinker, Biddle & Reath, Philadelphia, Pa., on the brief), for appellees.

Before HASTIE, Chief Judge, and ALDISERT and GIBBONS, Circuit Judges.

**1188**

OPINION OF THE COURT

PER CURIAM:

The four cases on appeal here are companions to a large number of civil actions for damages allegedly caused by a conspiracy to fix the prices of certain plumbing fixtures. All of these proceedings are being processed under 28 U.S.C. § 1407 (Supp. V, 1970) in the Eastern District of Pennsylvania. The plaintiffs in the four cases are homeowners (No. 19,171), commercial building owners (No. 19,172), home builders (No. 19,173), and apartment building owners (No. 19,174). Motions to dismiss were made in all four cases on the basis of plaintiffs' failure to file answers to interrogatories. Answers were required by orders to which the plaintiffs had consented. Time for answering had been extended. The district court indicated that, under the circumstances present here, the actions merited dismissal pursuant to Fed.R.Civ.P. 37(b) (2) (iii) and 37(d) for failure to make responsive, and in some instances any, answers to proper interrogatories. But, in all but the home builders' case (where the defendants had not made an alternative argument), the court also invoked the sanction of Rule 37(b) (2) (ii) and made factual presumptions which, under the applicable substantive law, were found to provide an alternative ground for dismissal. Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corporation, 50 F.R.D. 13 (E.D.Pa.1970), Order of April 6, 1970 (No. 19,171); Order of April 29, 1970 (Nos. 19,172, 19,174); Order of April 30, 1970 (No. 19,173).

We will affirm the dismissals on the basis of the district court's thorough and well-reasoned opinion of April 6, 1970, upon which all three orders are predicated. In the circumstances of these cases, it was within the district court's sound discretion to dismiss the actions of the present appellants solely for inexcusable failure to answer interrogatories.

Although such a conclusion is sufficient to dispose of these appeals, we recognize that a decision on the substantive issues presented to us by the alternative holding may have value. The plumbing fixtures litigation is "the most massive multidistrict litigation * * * being processed under Section 1407," In re Plumbing Fixtures, Jud.Pan.Mult.Lit. 1970, 311 F.Supp. 349, 350 n. 2. Present consideration of the alternative ground of decision may facilitate the conclusion of this litigation. Therefore, we have considered and affirm the district court's decision as based upon substantive law involved in the homeowners', commercial building owners', and apartment building owners' cases. More particularly, absent a showing by the plaintiffs that their purchases were made "pursuant to a preexisting cost-plus contract or analogous fixed markup type of arrangement," Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corporation, supra, 50 F.R.D. at 19, it is appropriate, in light of Hanover Shoe, Inc. v. United Shoe Machinery Corp., 1968, 392 U.S. 481, 88 S.Ct. 2224, 20 L.Ed.2d 1231, to dismiss those three cases.[1] Manufacturers' overcharges on the order of ten to twenty dollars for plumbing fixtures used in buildings selling at twenty to thirty thousand dollars are indicated. 50 F.R.D. at 26. The interrogatories gave the plaintiffs an opportunity, of which they could or would not take advantage, to show that these overcharges became components of the prices they paid. In these circumstances, the district court was justified in concluding that these plaintiffs were faced with the "insuperable difficulty," spoken of by the Supreme Court in the Hanover case, of demonstrating that any manufacturer's overcharge was a *causa sine qua non* of any payment any of them had to make. In addition, we agree with the district court's conclusion that the plaintiffs involved here were not the first consumers in a chain of distribution.

The judgments will be affirmed.

1. Contrast Freedman v. Philadelphia Terminals Auction Co., 3d Cir. 1962, 301 F.2d 830, where the arrangement was analogous to a fixed markup.