**DAIFLON, INC., Plaintiff,**

v.

**ALLIED CHEMICAL CORPORATION et al., Defendants.**

**No. CIV–72–483.**

United States District Court, W. D. Oklahoma.

Sept. 3, 1974.

On Motion to Set Aside Order of Dismissal Dec. 10, 1974.

Robert S. Rizley, Jerry C. Reed and Joel L. Wohlgemuth of Crawford, Rizley, Prichard & Reed, Tulsa, Okl., for plaintiff.

John S. Athens and Lynnwood R. Moore, Jr., of Conner, Winters, Ballaine, Barry & McGowen, Tulsa, Okl., for Allied Chemical Corp.

Coleman H. Hayes, Oklahoma City, Okl., for E. I. duPont de Nemours and Co.

Daniel M. Gribbon and Herbert Dym of Covington & Burling, Washington, D. C., James M. Sturdivant, of Gable, Gotwals, Hays, Rubin & Fox, Tulsa, Okl., for Kaiser Aluminum & Chemical Corp. and Kaiser Aluminum & Chemical Sales, Inc.

Judson S. Woodruff and Peter B. Bradford of McAfee, Taft, Cates, Mark, Bond & Rucks, Oklahoma City, Okl.,

Henry Kolowrat and Richard R. Rulon of Dechert, Price & Rhoads, Philadelphia, Pa., for Pennwalt Corp.

J. L. Weigand, Jr., of Weigand, Curfman, Brainerd, Harris & Kaufman, Wichita, Kan., John Joseph Snider, Oklahoma City, Okl., for Racon Inc.

Ben L. Burdick and D. Kent Meyers of Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, Okl., for Union Carbide Corp.

## ORDER OF DISMISSAL

BOHANON, District Judge.

The defendants have jointly moved to dismiss this cause of action pursuant to Rule 37(b)(2)(C) based upon plaintiff's failure to answer interrogatories as ordered by this Court on February 21, 1974.

The files and records in this case reveal that defendants' Interrogatory No. 2 was originally served upon plaintiff January 27, 1973. On September 21, 1973, plaintiff responded that it would require 60 days from the time its books and records were returned to it in order to prepare full and complete answers. On October 5, 1973, the plaintiff filed an amended answer stating that the information sought could be derived from the business records of the plaintiff. Thereupon, defendants filed a motion to compel an answer to Interrogatory No. 2, and on November 26, 1973, the Court ordered plaintiff to answer Interrogatory No. 2, and at the request of the plaintiff the Court granted the plaintiff 60 days to have written responses to Interrogatory No. 2 prepared from the plaintiff's books and records by outside consultants. On January 28, 1974, plaintiff filed a second amended answer which was inadequate and revealed that the plaintiff's books and records had not been reviewed. This answer was composed of an accountant's advisory statement covering a period of eight months ending October 31, 1971; information that was already possessed by the defendants. On February 21,

1974, defendants filed a second motion to compel answer. The Court concluded that the plaintiff had failed to satisfy the Court's order that defendants be provided a full and complete answer. The Court again expressed the view that a principal question is whether plaintiff's financial difficulty had resulted from the nature of plaintiff's own operations, and advised plaintiff's counsel that the action would be dismissed if the plaintiff continued in its failure to provide an adequate answer. Thereupon the Court granted the plaintiff an additional 60 days in which to answer the interrogatory, and stated that if more time became necessary the Court would grant a good faith request for it. On May 2, 1974, the plaintiff submitted yet another answer to Interrogatory No. 2 composed of a two-page work sheet entitled "Daiflon, Inc.—Unaudited Statement of Cost of Goods Sold" which contains a disclaimer, "Prepared from Company Records without Independent Verification thereof and Accordingly No Opinion is expressed thereon—Unaudited." No identification of the author of the report is contained therein. The plaintiff's answer to defendants' interrogatory is totally inadequate. It fails to comply with the Order of the Court and fails to provide essential information critical to the determination of whether or not the plaintiff is entitled to recover damages. Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp., 50 F.R.D. 13 (E.D.Pa., 1970) affirmed; Mangano v. American Radiator & Standard Sanitary Corp., 438 F.2d 1187 (C.A. 3, 1971).

■ The Court, having diligently reviewed the files, the briefs and law applicable to the issue raised herein, concludes that the defendants' Motion for Dismissal pursuant to Federal Rules of Civil Procedure 37(b)(2)(C) should be granted due to the inexcusable and repeated failure of the plaintiff to make responsive answers to the defendants' interrogatories and that this action is hereby dismissed with prejudice, and

It is so ordered.

### On Motion to Set Aside Order of Dismissal

This cause came on for hearing before the Court on the 26th day of November, 1974, upon Motion of the plaintiff to set aside the Order of Dismissal entered herein on the 3rd day of September, 1974, and to reinstate the plaintiff's cause of action.

■ The Court heard argument of counsel for plaintiff in support of said Motion; thereupon, counsel for defendants presented argument in support of their Motion that the Court was without jurisdiction to entertain the plaintiff's Motion to Reinstate, plaintiff having previously appealed the Court's Order of Dismissal. Thereafter, the Court overruled defendants' Motion and Objection to the Jurisdiction of this Court.

Plaintiff introduced the oral testimony of the certified public accountant who had prepared the answer to interrogatory No. 2 in support of its Motion to Reinstate this Case. This being the only evidence plaintiff's counsel desired to offer, the Court heard argument of plaintiff's counsel in support of said Motion and argument of defendants' counsel in opposition thereto.

■ After considering the evidence offered, arguments of counsel and briefs relevant to the issue before the Court, the Court finds that the testimony offered by the plaintiff fails to establish justification for the failure to provide an adequate answer to the defendants' interrogatory No. 2 as had been ordered by the Court. The Court finds that the plaintiff was grossly negligent in failing to file a proper answer to said interrogatory; therefore, plaintiff's Motion to Set Aside the Order of Dismissal and to Reinstate its Cause of Action is denied, and

It is so ordered.