**DAIFLON, INC., Plaintiff-Appellant,**

v.

**ALLIED CHEMICAL CORPORATION et al., Defendants-Appellees.**

No. 74–1796.

United States Court of Appeals, Tenth Circuit.

Argued Sept. 15, 1975.

Decided April 16, 1976.

Rehearing Denied May 24, 1976.

222

Robert S. Rizley and Joel L. Wohlgemuth, Tulsa, Okl., for plaintiff-appellant.

Coleman Hayes, Oklahoma City, Okl. (John S. Athens, Tulsa, Okl., for Allied Chemical Corp.; Herbert Dym, Washington, D.C., for E. I. du Pont de Nemours and Co.; James M. Sturdivant, Tulsa, Okl., for Kaiser Aluminum and Chemical Sales, Inc. and Kaiser Aluminum and Chemical Corp.; Peter Bradford, Oklahoma City, Okl., and Henry Kolowrat, Philadelphia, Pa., for Pennwalt Corp.; J. L. Weigand, Jr., Wichita, Kan., for Racon Inc.; and D. Kent Meyers, Oklahoma City, Okl., for Union Carbide Corp., on the brief), for defendants-appellees.

Before HILL, SETH and DOYLE, Circuit Judges.

HILL, Circuit Judge.

This appeal follows the trial court's dismissal of an antitrust action brought by appellant Daiflon, Inc., against numerous corporations, appellees in this proceeding. Appellant was engaged from January, 1969, to October, 1972, in the business of importing refrigerant gas from Japan, repackaging the gas, and distributing the gas to wholesalers and retailer contractors in a market of about thirty states. The appellees are domestic manufacturers and distributors of refrigerant gas. On July 12,

1972, appellant commenced this action against these appellees and a trade association (later dismissed as a party without prejudice).

Ultimately, appellant's allegations were incorporated into a second amended complaint. Appellant alleged the appellees "engaged in an unlawful combination and conspiracy in restraint of the aforesaid interstate trade and commerce in refrigerant gases in violation of § 1 of the Sherman Act (15 U.S.C. § 1)." This combination and conspiracy was alleged to have sought to eliminate price competition in the sale and distribution of refrigerant gas used for replacement purposes. Appellant also alleged appellees had attempted to monopolize the manufacture and distribution of refrigerant gases by using predatory pricing of refrigerant gas for replacement purposes and disparagement of appellant and its products, in violation of § 2 of the Sherman Act (15 U.S.C. § 2). Appellant further claimed appellees had, in fact, monopolized the market for refrigerant gases in violation of § 2 of the Sherman Act. The damages were believed to be more than $3,000,000; elements of those damages were alleged to include (1) lost profits from sales not made due to the violations, (2) lower prices appellant had to charge on sales because of the absence of competitive conditions, (3) substantial injury to appellant's good will, and (4) the irrevocable and complete destruction of appellant's business. Appellant requested a judgment in an amount three times its actual damages and an injunction.

The facts leading to dismissal of this action revolve around one interrogatory. The interrogatory in issue is No. 2 in the second set of interrogatories to appellant. It was served on July 27, 1973, and reads as follows:

2. With respect to each individual item of refrigerant gas identified in the answer to Interrogatory No. 1, state your direct material cost, direct cost of production, overhead cost of production, selling expense, and general and administrative expense per pound prepaid freight to (1) Houston, Texas, (2) Oklahoma City, Oklahoma, (3) Kansas City, Missouri, and (4) Minneapolis, Minnesota, as of the first of each calendar month of plaintiff's commercial operations.

Appellant filed answers and objections to this set of interrogatories on September 24, 1973. As to Interrogatory No. 2 appellant said:

The books and records of Daiflon, Inc. pertaining to cost data have been in the offices of Conner, Winters, Ballaine, Barry and McGowen, attorneys for Allied Chemical Corporation, for approximately three weeks. Before that time, these documents were in transit between Galveston, Texas and Tulsa, Oklahoma for approximately ten (10) days. Richard E. Carter, plaintiff's president and the person solely responsible for preparing the answer to this interrogatory, resides in Galveston and has not had access to the pertinent raw cost data for the last thirty (30) days due to the circumstances described above. Moreover, the information requested by this interrogatory is highly detailed, and it is anticipated that plaintiff will require an additional sixty (60) days from the date its books and records are returned to it to prepare full and complete answers. In this regard, it should be noted that defendants received, by stipulation, ninety (90) days within which to answer plaintiff's interrogatories involving cost information.

On October 9, 1973, appellant filed an amended answer to Interrogatory No. 2. That answer was as follows:

The information sought in this interrogatory may be derived or ascertained from the business records of the plaintiff. The burden of deriving or ascertaining the answer to the interrogatory is substantially the same for defendants as for plaintiff. Therefore, pursuant to Rule 33(c), F.R.C.P.[1] plaintiff has and will con-

---

1. Rule 33(c) provides:
  Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, or

tinue to afford defendants a reasonable opportunity to examine, audit or inspect the business records of the plaintiff which contain the information sought herein.

Appellees were not satisfied with this answer and filed a motion to compel appellant to answer the Interrogatory. Appellant responded and a hearing was held. The court ruled appellant had to answer the Interrogatory "in good faith, fully and completely" and granted appellant sixty days for the task. The court also stated:

This matter of cost in matters of the plaintiff and likewise of the defendant result in a commitment which may show or fail to show the cause of the company going broke, or defunct; and if it went defunct because of overhead or cost or any of these other elements and not because of any Sherman antitrust violations, then there lays the case, the cause of action.

The court also stated to appellant's counsel that he did not have to follow appellees' precise manner in setting out the information and told counsel to ". . . give these costs in your manner, that of any qualified CPA."

Appellant filed another amended response on January 28, 1974. The response was composed of a schedule labeled "Daiflon, Inc. Management Advisory Statement For The Eight Months Ended October 31, 1971." Appellant's counsel averred that this cost information was representative of appellant's costs for the years of 1970, 1971 and 1972.

Appellees, however, were dissatisfied with this response and filed on February 5, 1974, a second motion to compel appellant

to answer Interrogatory No. 2. A hearing was held on February 20, 1974. At that hearing the trial judge warned appellant's counsel in the following manner.

So I don't want to dismiss your lawsuit, Mr. Rizley, but let's look at it factually. If you can't give these costs, not average costs or periodic costs in sixty or ninety days—give you whatever you want—but if you don't do that, you can expect this Court to dismiss your lawsuit.

In a written order, the trial court found that the second amended answer failed to satisfy the court's order and that "the attachment to plaintiff's answer is only an advisory statement for a period of eight months ending October 31, 1971, and that one of the principal questions in this action is whether or not plaintiff's financial difficulties were caused by acts and conduct of the defendants or caused by the cost and operation of its business." Appellant was granted 60 days to answer "in good faith setting out in detail its cost for the years involved for the production and distribution of refrigerant gas."

Appellant received one time extension and filed its third amended answer on May 1, 1974. The answer was an attached schedule entitled "Daiflon, Inc. Unaudited Statement of Cost of Goods Sold" and covered four years (March 1, 1969, to February 28, 1973).

On May 10, 1974, appellees filed, pursuant to F.R.Civ.P. 37(b)(2)(C) [2] a motion to dismiss the action. The following are some of the alleged inadequacies in the response: (1) information by year not by month; (2) information only by type of gas not by cylinder size; and (3) incomplete information reflecting general and administrative

---

from a compilation, abstract or summary based thereon, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries.

**2.** Rule 37(b)(2)(C) provides in pertinent part:

(2). *Sanctions by court in which action is pending.* If a party . . . fails to obey an order to provide or permit discovery . . ., the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(C) An order . . . dismissing the action or proceeding . . . .

costs incurred in production and no information regarding distribution costs. Appellant filed a written response together with an affidavit from James R. Robertson, a CPA who prepared the worksheet answer. Robertson stated that appellant's books do not contain information from which an allocation of costs associated with each cylinder size can be made; appellant's accounting methods do not accrue costs and expenses at the end of each month, and inventories were taken at the end of each year or as required (consequently monthly cost information cannot be prepared); costs of distribution with respect to each type of gas varied based upon the type of sale and the appellant's books contain no analysis with respect to sales which were F.O.B. plant, F.O.B. destination, prepaid or freight allowed (several hundred more hours would be required to analyze these costs); deposits on steel cylinders, amortization of steel cylinder inventories and deposits in excess of costs are not expense items but merely reflect profits made on deposits on containers which were not returned; appellant's books do not breakdown sale expense on a per pound basis or contain a schedule showing how many pounds each salesman sold; general administrative expenses are not assignable to cylinder size or type of gas; interest and banking charges on letters of credit are a fluctuating expense and are not assignable to refrigerant grade or cylinder size.

Appellees responded to this answer and then the trial court, without a prior hearing, entered an order dismissing the action with prejudice pursuant to Rule 37(b)(2)(C). The court found:

> The plaintiff's answer to defendants' interrogatory is totally inadequate. It fails to comply with the Order of the Court and fails to provide essential information critical to the determination of whether or not the plaintiff is entitled to recover damages.
>
> The Court, concludes that the defendants' Motion to Dismiss . . . should be granted do (sic) to the *inexcusable and repeated failure* of the plaintiff to make responsive answers to the defendants' interrogatories and that this action is hereby dismissed with prejudice . . . [emphasis added].

On September 20, 1974, appellant filed a motion to set hearing and reinstate the action pursuant to F.R.Civ.P. 60(b). Appellant filed a notice of appeal on October 2, 1974. On November 26, 1974, a hearing on the motion to reinstate was held. The trial court denied appellees' claim of lack of jurisdiction under Rule 60(b) after a notice of appeal had been filed. Robertson was called and questioned concerning the information available from the books and records of appellant. On December 10, 1974, the court entered an order denying appellant's motion. The court stated:

> . . . the testimony offered by the plaintiff fails to establish justification for the failure to provide an adequate answer to the defendants' interrogatory No. 2 as had been ordered by the Court. The Court finds that the plaintiff was grossly negligent in failing to file a proper answer to said interrogatory . . . ..

*Daiflon, Inc. v. Allied Chem. Corp.*, 64 F.R.D. 690 (W.D.Okl.1974).

Appellant initially argues the trial court erred in finding the first amended answer to Interrogatory No. 2—the taking of the option under Rule 33(c) to produce books and records from which the answer could be derived—was not a sufficient answer. Appellees contend this answer was not sufficient because appellant could develop information responsive to the interrogatory from the books and records more easily than could appellees. We are unsure about the basis of the trial court's decision in upholding appellees' motion to compel an answer. The excerpt presented to this Court from the hearing on that motion does not contain any oral statement by the trial court concerning its reasons and only a brief written order was entered.

■■■ Rule 33(c) gives the party served the option of producing records from which the answer can be obtained instead of preparing a direct answer when ". . . the burden of deriving or ascertaining the answer is substantially the same for the party

serving the interrogatory as for the party served . . .." The party served must specify the records and cannot merely indicate that the information sought may or may not be found in the records made available. *In re Master Key Antitrust Litigation*, 53 F.R.D. 87 (D.Conn.1971). The notes of the Advisory Committee on Rules indicate that subdivision *c* relates ". . . especially to interrogatories which require a party to engage in burdensome or expensive research into his own business records in order to give an answer." Moreover, if an answer is readily available in a more convenient form, Rule 33(c) should not be used to avoid giving the ready information to a serving party. *See Atlanta Fixture & Sales Co. v. Bituminous Fire & Marine Ins. Co.*, 51 F.R.D. 311 (N.D.Ga.1970).

█ In their motion to compel an answer, appellees relied upon several grounds: (1) answer left interrogating party to speculate if answers could even be found in tendered records, *In re Master Key Antitrust Litigation, supra* ; (2) the burden of deriving the answer would not be substantially the same for both parties, *Thomason v. Leiter*, 52 F.R.D. 290 (M.D.Alabama 1971); and (3) answer did not specify which records the information could be derived from, *Budget Rent-A-Car of Missouri, Inc. v. Hertz Corp.*, 55 F.R.D. 354 (W.D.Mo.1972). Appellant filed a response with the following affidavit of appellant's president attached.

I am the president of Daiflon, Inc. The information requested by Interrogatory No. 2 of the defendants' second set of interrogatories can be derived or ascertained from the books and records of Daiflon, Inc., which are presently in the custody of John S. Athens, attorney for Allied Chemical Corporation. Upon re-

·quest made by counsel for defendants, I shall segregate those books and records from which the information requested in Interrogatory No. 2 can be derived. Daiflon, Inc. does not have available in more convenient form the information requested by Interrogatory No. 2.

This affidavit clearly indicates appellant was willing to specify the appropriate records, thus answering appellees' objection in that regard. The affidavit also represents that the information requested is indeed available in the tendered documents, answering the problem dealt with in *In re Master Key Antitrust Litigation, supra.*[3] The affidavit does not clearly respond to the "substantially similar burden" argument of appellees.

█ Appellees continue to argue on appeal that the burden of deriving or ascertaining the answer would *not* be substantially the same for both parties. That argument is advanced as support for the trial judge's order compelling another answer to the interrogatory and denying appellant's use of Rule 33(c). Appellees rely on testimony of appellant's president at a deposition which indicates it would be easier for him to get the information than for someone else. Appellant attempts to minimize this testimony by showing its larger context at the hearing. The deposition was not filed with the trial court as provided for in Rule 30(f), F.R.Civ.P., and was brought to the trial judge's attention via briefs of counsel and perhaps oral argument. Statements of counsel in appellate briefs generally are not part of the record. *See, e.g., United States v. Gazda*, 499 F.2d 161 (3rd Cir. 1974). Also we may not properly consider depositions not filed in the district

**3.** We have considered a possible conflict between the representation of appellant's president that the information can be derived from these records and the affidavit of appellant's accountant that some of the information cannot be derived from appellant's records. Appellees, however, have mitigated our concern by describing the matter raised by the accountant, Robertson, in this manner: "Robertson confirmed under oath that average per-pound figures for the expenses and charges missing from Daiflon's fourth answer could have been calculated and presented in the same manner used for the data showing cost of goods sold. The issue raised by Robertson was whether those figures would be 'meaningful' or 'pertinent', not whether they could be derived from Daiflon's books and records. Robertson's view about the significance of those figures, of course, has no bearing on Daiflon's obligation to produce them."

court in determining an appeal. *See Dictograph Prods. Co. v. Sonotone Corp.*, 231 F.2d 867 (2d Cir. 1956), *appeal dismissed*, 352 U.S. 883, 77 S.Ct. 104, 1 L.Ed.2d 82 (1956). Consequently, we find no evidence supporting a determination that the burden of ascertaining an answer to this interrogatory would be less for appellant than for appellees.

 The question of the propriety of appellant's use of the Rule 33(c) option to answer the interrogatory came to the trial court via appellees' motion to compel under F.R.Civ.P. 37(a). Appellees alleged the answer to be incomplete, F.R.Civ.P. 37(a)(3). We believe appellees had the burden of proving the answer to their interrogatory was indeed incomplete. Based upon our above discussion, appellees point to no evidence recognizable in this court to support a determination that a substantial difference in the burden of compiling the answer existed.

Appellant had offered to remedy the other "incomplete" aspects of its answer and it properly should have been compelled to do so. However, denying appellant the option available under Rule 33(c) because of those failures—particularly lack of specificity—would not comport with the purpose of modern discovery. Rather, a denial on that basis when an offer to specify was made would merely punish the erring party and not assist in bringing the facts to light. As this Court said in *Robison v. Transamerica Ins. Co.*, 368 F.2d 37 (10th Cir. 1966): "We think the spirit and purpose of the rule would have been best served and the expense of this appeal avoided if appellant had been allowed to answer instanter, as apparently he was prepared to do." Our review of the record indicates appellant had to engage in extensive research for its subsequent third amended answer; thus, some substance is apparent in appellant's claim that a substantially similar burden existed in compiling this answer from the books and records. Particularly in view of the subsequent drastic sanction imposed, we believe the trial court erred in determining

appellant could not use Rule 33(c) in answering this interrogatory.

This determination precludes consideration of other numerous issues raised. This case is REVERSED and REMANDED to the trial court to allow appellant to supplement its first amended answer with the list of the books and records from which the answer can be derived. We note that some of the information requested has been provided to appellees via subsequent amended answers.