PETROLEUM INSURANCE AGENCY,
INC., and J. Herbert Sullivan
Insurance Agency, Inc.

v.

HARTFORD ACCIDENT AND INDEM-
NITY COMPANY, Hartford Fire Insur-
ance Company, and Twin City Fire In-
surance Company.

Civ. A. No. 80–2782–T.

United States District Court,
D. Massachusetts.

Nov. 14, 1983.

Order of Judge Tauro April 6, 1984.

See also, D.C., 106 F.R.D. 59.

Michael Mattchen, Dangel & Sherry, Boston, Mass., for plaintiffs.

Jeffrey Storer, Ropes & Gray, Boston, Mass., for defendants.

ORDER ON PLAINTIFFS' MOTION TO COMPEL FURTHER ANSWERS TO PLAINTIFFS' INTERROGATORIES, TO COMPEL PRODUCTION OF DOCUMENTS, AND TO COMPEL ANSWERS TO DEPOSITION QUESTIONS, FOR COSTS AND FOR OTHER SANCTIONS (# 126, filed September 24, 1982)

ROBERT B. COLLINGS, United States Magistrate.

After hearing, the Court takes the following action on Motion To Compel Further Answers To Plaintiffs' Interrogatories, To Compel Production Of Documents, And To Compel Answers To Deposition Questions, For Costs, And For Other Sanctions (# 126):

INTERROGATORIES # # 4, 5, 7,
11(d), 23, & 24

*Interrogatories ## 4, 5 & 7*—DENIED. The defendants represent that all the information which they have in response to these interrogatories is in the records to which they have directed the plaintiffs pursuant to Rule 33(c), F.R.Civ.P., and there is no infor-

mation responsive to the interrogatories other than in the records to which the plaintiffs have been directed. Counsel for the plaintiffs indicated at the hearing that, although he doesn't believe that is what the defendants mean to say, he is satisfied with their response that that *is* what they mean to say.

*Interrogatory # 11(d)*—ALLOWED to the extent that the defendants shall supplement the first sentence of their answer; however, since the plaintiffs have deposed the witnesses who were parties to the conversations, the defendants, in answering the interrogatory, may make reference to those parts of the witnesses' depositions in which they describe their recollections of the substance of the conversations; otherwise DENIED.

*Interrogatory # 23*—DENIED.

*Interrogatory # 24*—DENIED as to part (a) since the defendants' position in this matter is contained on the last bill from the defendants; DENIED as to part (b) in that the defendants have furnished to the plaintiffs a copy of every document which can be deemed a demand; DENIED as to part (c) since the answer is complete.

### INTERROGATORIES # # 19, 20, 32 & 35

The Motion To Compel with respect to these interrogatories, when stripped of excessive rhetoric, seeks to have the Court issue an order (1) prohibiting the defendants from relying on the option provided by Rule 33(c), F.R.Civ.P., in answering these interrogatories and (2) requiring the defendants to answer the interrogatories without reference to any of the defendants' business records.

Rule 33(c), F.R.Civ.P., provides:

(c) Option To Produce Business Records. —Where an answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit, or inspection of such business records, including a compilation, abstract or summary thereof and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can be the party served, the records from which the answer may be ascertained.

The Advisory Committee Note to the 1970, in pertinent part, explains the rule as follows:

This is a new subdivision, adopted from Calif.Code Civ.Proc. § 2303(c), relating especially to interrogatories which require a party to engage in burdensome or expensive research into his own business records in order to give an answer. The subdivision gives the party an option to make the records available and place the burden of research of (sic) the party who seeks the information. "This provision, without undermining the liberal scope of interrogatory discovery, places the burden of discovery upon its potential benefitee," Louisell, *Modern California Discovery*, 124–125 (1963), and alleviates a problem which in the past has troubled Federal courts. See Speck, The Use of Discovery in United States District Courts, 60 Yale L.J. 1132, 1142–1144 (1951). The interrogating party is protected against abusive use of this provision through the requirement that the burden of ascertaining the answer be the same for both sides. A respondent may not impose on an interrogating party a mass of records as to which research is feasible only for one familiar with the records ...

And the Advisory Committee Note to the 1980 Amendment reads:

> The Committee is advised that parties upon whom interrogatories are served have occasionally responded by directing the interrogating party to a mass of business records or by offering to make all of their records available, justifying the response by the option provided by this subdivision. Such practices are an abuse of the option. A party who is permitted by the terms of this subdivision to offer records for inspection in lieu of answering an interrogatory should offer them in a manner that permits the same direct and economical access that is available to the party. If the information exists in the form of compilations, abstracts or summaries then available to the responding party, they should be made available to the interrogating party. The final sentence is added to make it clear that a responding party has the duty to specify, by category and location, the location of records from which answers to interrogatories may be derived.

■ After reviewing the papers in this case and listening again to the tape of the hearing held on the motion, I cannot find that the defendants' election to employ the *option* which it has to respond to these interrogatories pursuant to Rule 33(c), is improper or that the defendants' have failed to comply with the terms of the Rule in any respect. The bottom line, as I see it, is that the plaintiffs want this discovery but do not want to expend the effort and expense in procuring it. *But the stated purpose of the Rule is to require the party seeking the discovery to expend the effort and expense to procure it. See* Advisory Committee Note to 1970 Amendment, quoted *supra*. What plaintiffs are saying is that they do not like the Rule; however, like it or not, it was enacted, and the Court is duty bound to follow it.

It is to be noted that this is not the first time the plaintiffs have complained about the defendants' election of the Rule 33(c) option. In plaintiffs' earlier motion to compel (# 52), plaintiffs made the same complaint. In my Order (# 67) on that motion, I designed a mechanism for dealing with disputes about whether answers could be found in the business records to which plaintiffs' were directed in response to specific interrogatories pursuant to Rule 33(c), F.R.Civ.P. I wrote:

> ... if the defendants claim that the answers are in the records, and the plaintiffs disagree, counsel for the plaintiffs shall notify counsel for the defendants in writing as to what specific items called for in the interrogatories he cannot find in the records which the defendants have specified. If the defendants cannot then point to the place in the record where the answer is found, the defendants shall provide the answer in the form of a written answer to the interrogatory.

Order, Etc. (# 67) at p. 4.

I note that plaintiffs' Motion For Reconsideration (# 73) of the Order, Etc. (# 67) was denied by the District Judge to whom this case is assigned on July 22, 1982.

I adhere to this position. Plaintiff has made no *showing* that the burden of ascertaining the answer is not substantially the same for the interrogating party as for the interrogated party. Once the defendants exercised the Rule 33(c) option, plaintiffs had the burden to show that the burden of deriving or ascertaining the answers is not substantially the same for both parties. *See* 4A *Moore's Federal Practice*, ¶ 33.-25[5], p. 33–142 (2 ed., 1983 rev.) stating the holding of *Daiflon, Inc. v. Allied Chemical Corp.*, 534 F.2d 221, 227 (10 Cir., 1976), *cert. den.* 429 U.S. 886, 97 S.Ct. 239, 50 L.Ed.2d 168 (1976). Plaintiffs' expressions of general discontent with having to obtain discovery pursuant to the provisions of Rule 33(c), F.R.Civ.P., however severe the discontent may be, is not a sufficient *showing* under the law for the Court to deny the defendants the option the rule provides. While it is true that the defendants are more familiar with their records, there has been no showing that the answers of the defendants delineating the records in which answers can be found and how the records are kept are wanting or

that the plaintiffs have had difficulty dealing with defendants' records as they have been identified and described. In short, there is no *evidentiary* support for plaintiffs' argument and this lack distinguishes the instant case from such cases of *Al Barnett v. Outboard Marine Corp.*, 611 F.2d 32, 35 (3 Cir., 1979).

After careful review of the papers in the case and the arguments of counsel, the conclusion is inescapable that the plaintiffs have failed to meet their burden; accordingly, the motion to compel as to interrogatories # # 19, 20, 32 and 35 is DENIED.

## INTERROGATORY # 25, PRODUCTION OF DOCUMENTS PREPARED BY MR. REYNA AND DEPOSITION QUESTIONS ASKED OF MR. REYNA

■ Rudolph A. Reyna, an employee of the defendant Hartford, was deposed by the plaintiffs. During the deposition, counsel for the plaintiffs asked about what steps the defendant Hartford had taken in reviewing the plaintiffs' responses to defendants' interrogatories, specifically the plaintiffs' responses as to those policies on which they claim that they were overcharged by the defendants. Counsel for the defendant Hartford objected to any such questions as to what was done after commencement of litigation on the ground that any analysis Mr. Reyna did of plaintiffs' answers to interrogatories after commencement of litigation was done at the request of counsel in order to prepare for trial and was "work-product" material protected from disclosure. Mr. Reyna was allowed to testify that he had done work at the request of defendant Hartford's counsel with respect to analyzing some of the documents filed by the plaintiffs in the case (answers to interrogatories, "overcharge list", etc.) and had prepared a document containing his analysis which he had given to defendants' counsel and to no one else.

By their Motion to Compel, Etc. (# 126), plaintiffs seek an order compelling the production of the document and compelling Mr. Reyna to answer the deposition questions which he refused to answer.

In my view, the document prepared by Mr. Reyna is clearly protected by Rule 26(b)(3), F.R.Civ.P., and the plaintiffs have failed to make the showing necessary to permit disclosure. For the same reason, i.e. that the questions asked at Mr. Reyna's deposition seek inquiry into matters protected by the "work-product" doctrine, I shall not issue an order compelling answers to deposition questions, which, in effect, seek information about the results of the defendants' analysis of plaintiffs' interrogatory answers.

Accordingly, the motion to compel is DENIED to the extent that it seeks orders to compel either with respect to the documents prepared by Mr. Reyna or questions Mr. Reyna did not answer at his deposition.

■ This leaves the matter of interrogatory # 25. Interrogatory # 25 asks certain questions "[w]ith respect to each of the policies identified by plaintiffs' (sic) in their answers to defendants' interrogatories 12–37". Defendants answered interrogatory # 25 by employing the Rule 33(c) option. Plaintiffs, however, claim that if Mr. Reyna conducted an analysis of plaintiffs' answers, specifically its answers to defendants' interrogatories 12–37, defendants have done whatever search of their own records is necessary to enable them to answer at least part of plaintiffs' interrogatory # 25, and, thus, the defendants should not be able to invoke Rule 33(c) since the burden for the plaintiffs in searching the records is greater than for the defendants who have already gone through the business records and found the information necessary to answer.

In this connection, the case of *Daiflon, Inc, v. Allied Chemical Corp., supra,* holds that:

> ... if an answer is readily available in a more convenient form, Rule 33(c) should not be used to avoid giving the ready information to a serving party. See *Atlanta Fixture & Sales Co. v. Bitumi-*

322

*nous Fire & Marine Ins. Co.,* 51 F.R.D. 311 (N.D.Ga., 1970).

*Daiflon, ante,* 534 F.2d at 226.

Counsel for the defendants acknowledged that Mr. Reyna's research in connection with plaintiffs' answers was on the same question raised by Interrogatories # 25(d) and (e), which ask the defendants to state:

(d) The total amount of each payment for each coverage [on each of the policies identified by plaintiffs' (sic) in their answers to defendants' interrogatories 12–37];

(e) The total amount paid to the Hartford on each of the policies [identified by plaintiffs' (sic) in their answers to defendants' interrogatories 12–37]

However, counsel for the defendants states that he is not sure the list is accurate or a complete and full answer to these interrogatories.

Regardless of whether or not the list is accurate or complete, the fact is that as of this time, the defendants have done considerable work to gather the information requested by interrogatories # 25(d) and (e), and, it therefore follows that it is not equally burdensome for the parties to search the records to come up with answers, since the defendants have already done so. Therefore, I shall order the defendants to answer interrogatory # 25(d) and (e) without reference to Rule 33(c).

Accordingly, the Motion To Compel, Etc. is ALLOWED as to interrogatory # 25(d) and (e) but DENIED as to the other subparts of interrogatory # 25.

## ORDER

TAURO, District Judge.

There are currently four motions outstanding in the instant case. Plaintiffs have filed two separate motions (# 180 and # 187) to reconsider certain discovery orders entered by the Magistrate. After full consideration of the parties' briefs, both motions to reconsider are denied.

Plaintiffs have also filed a motion to reconsider the Magistrate's order allowing defendants' motion to add John H. Sullivan as a defendant to Hartford's counterclaims. This motion to reconsider is also denied.

Finally, plaintiffs have filed a motion to revoke the order of reference to a master. This motion is denied.

It is so ORDERED.