17 F.3d 1436
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Raymond Lee CLIFTON, Plaintiff-Appellant,
v.
Rick NARED; Ralph Seevers; Larry Fairbanks; Edwin
Strader; J.A. Campbell; N. Wayne Smith; W. Whited;
Michael Adams; Jerry O'Brien; United States of America;
John Doe, Unknown correctional officer, Defendants-Appellees.
 No. 93-3136.
 United States Court of Appeals, Tenth Circuit.
 Feb. 17, 1994.
 
 1
 Before MOORE and KELLY, Circuit Judges, and BRIMMER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Raymond Lee Clifton, a pro se federal prisoner, appeals from an order of the district court granting defendants summary judgment on his civil rights complaint. Plaintiff claims that defendants violated his constitutional rights in the manner in which his prison disciplinary proceedings were handled. The district court dismissed these claims because plaintiff failed to exhaust his remedies through the three-tier administrative procedure available to federal inmates.
 
 
 4
 Plaintiff also claims that his property was negligently confiscated and destroyed by prison officers in violation of the Federal Tort Claims Act, 28 U.S.C. 1346(b), 2671-80. The district court found that plaintiff failed to demonstrate that the confiscated property belonged to him or that any defendant acted negligently in regard to the property in which plaintiff claims ownership. Finally, the court concluded that plaintiff's remaining constitutional claims of retaliatory transfer, cruel and unusual punishment, unreasonable search of plaintiff's cell, and interference with plaintiff's free exercise of religion were without merit.
 
 
 5
 We review the district court's grant of summary judgment de novo, applying the same standard as the district court. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).
 
 
 6
 We have considered plaintiff's arguments on appeal and have reviewed the record thoroughly. We exercise jurisdiction under 28 U.S.C. 1291, and affirm for substantially the same reasons as those stated by the district court in its memorandum and order dated March 8, 1993.
 
 
 7
 In addition, we briefly address plaintiff's arguments on appeal regarding the district court's grant of a stay of discovery pending decision on defendants' summary judgment motion, and plaintiff's argument that the district court abused its discretion in denying his motion to file an amended complaint.
 
 
 8
 "Under Fed.R.Civ.P. 56(f), to obtain specific discovery after a summary judgment motion, plaintiff must show how the information he seeks will allow him to rebut the defendants' allegations." Drake v. City of Fort Collins, 927 F.2d 1156, 1163 (10th Cir.1991). We review the district court's ruling on discovery for an abuse of discretion. Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1514 (10th Cir.1990). Plaintiff did not state, with any specificity, what information he would seek in discovery, or how this additional information would help him oppose defendants' motion for summary judgment. Therefore, we can ascertain no abuse of discretion in the district court's grant of a stay of discovery pending its summary judgment decision.
 
 
 9
 Rule 15(a) of the Federal Rules of Civil Procedure allows the court to grant leave to amend a complaint, after lapse of the permissive period, "when justice so requires." A district court's denial of leave to amend a complaint is reviewed for an abuse of discretion. Ketchum v. Cruz, 961 F.2d 916, 920 (10th Cir.1992). Plaintiff requested leave to amend his complaint four months after defendants answered his original complaint. In apparent support of his request, plaintiff stated that he "seeks to add parties and other statutes of venue and jurisdiction, and to make other technical amendments that has arised (sic) or may arise." R., Vol. II, tab 41.[2] The district court found there was "no justification for allowing the amendment." Id., tab 54. We agree. Plaintiff failed to show that his amendment could withstand defendants' motion to dismiss or otherwise state a cogent claim. Therefore, the court "was clearly justified" in denying plaintiff's request to amend his complaint. Schepp v. Fremont County, 900 F.2d 1448, 1451 (10th Cir.1990).
 
 
 10
 Plaintiff's "Motion to Modify the Record" is DENIED. The judgment of the United States District Court for the District of Kansas is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The district court denied plaintiff's request to amend, and plaintiff's amended complaint was never filed in the district court. Plaintiff filed a "Motion to Modify the Record" with this court in which he requests permission to add his "First Amended Complaint" to the record on appeal. Because the complaint was not before the district court, we will not consider it on review. See Daiflon, Inc. v. Allied Chem. Corp., 534 F.2d 221, 226-27 (10th Cir.) (documents not received into evidence by the district court will not be reviewed on appeal), cert. denied, 429 U.S. 886 (1976)