**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 21, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAVID M. FIENHOLD,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee.

No. 07-8058
(D.C. No. 05-CV-311-B)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

David M. Fienhold brought this action under the Federal Tort Claims Act,

28 U.S.C. §§ 1346(b)(1), 2671-2680, alleging that officers from the Wind River

Police Department, Bureau of Indian Affairs (BIA), used excessive force during a

warrantless arrest. He further alleged that he sustained a number of injuries,

including a torn rotator cuff and severe emotional distress, and asserted two

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

claims, (1) assault and battery and (2) negligence in the performance of the officers' official duties. After a three-day bench trial, the district court entered judgment in favor of the United States. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

We provide only a brief summary of the most pertinent facts and allegations. In March 2004, Mr. Fienhold and his companion, Lynda Tillman, had a domestic dispute at the house they share on the Wind River Indian Reservation in Fort Washakie, Wyoming. Ms. Tillman and her three daughters left the house and went to her mother's house, where Ms. Tillman called the Wind River Police Department, stating that she wanted to file a complaint against Mr. Fienhold. An officer arrived and, based on the Tillmans' account of Mr. Fienhold's behavior, informed Ms. Tillman that she could file a complaint for spousal and child abuse. She elected to do so.

The officer then accompanied Ms. Tillman and at least one of her daughters back to their house so they could retrieve some belongings. Other officers arrived as backup and together proceeded to place Mr. Fienhold under arrest. According to Mr. Feinhold, he verbally resisted, and five officers pulled him from his chair, piled on top of him, forcefully handcuffed him behind his back, and carried him by the handcuffs to a patrol car. The officers, however, presented a materially different version of the incident, one that was largely corroborated by one of

Ms. Tillman's daughters: There were only three officers present, and, after one officer placed a handcuff on Mr. Fienhold's right wrist, Mr. Fienhold rose and physically resisted attempts to handcuff the other wrist. Two officers then placed him on the floor, where he held his arms underneath his body. They instructed him repeatedly to stop resisting the arrest and to permit them to cuff his left wrist. After a prolonged struggle, Mr. Fienhold eventually acceded. The officers helped him to his feet and walked him to the patrol car.

At the outset of trial, the parties stipulated that the arrest was lawful and that the only disputed issue was whether the officers used an unreasonable amount of force. In its written findings of fact and conclusions of law, the court rejected Mr. Fienhold's version of events, finding that he "had a tendency to overstate, exaggerate and embellish," and that his "demeanor on the witness stand was evasive, non-responsive, and at times, combative." R., Doc. 39 at 8. The court accepted the officers' version of events and further found, among other things, that the evidence did not link Mr. Fienhold's torn rotator cuff to the officers' actions. Applying Wyoming law, the court concluded that the amount of force used by the officers was justified, that any injuries attributable to the officers' conduct were incidental to the use of reasonable force, and that there was no proof of negligence. Thus, the court held that the United States was entitled to the common-law privilege defense, which protects from liability a public officer who uses reasonable force when making a lawful arrest. *See id.* at 14 (citing

W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* §§ 25-26 (W. Page Keeton gen. ed., 5th ed. 1984)), 16. In the alternative, the court determined that even if the amount of force was unreasonable, Mr. Fienhold's "comparative fault in resisting a lawful arrest would be greater than 50% of the total fault attributable to all actors and any recovery would be barred under Wyo. Stat. [Ann.] § 1-1-109." R., Doc. 39 at 16-17. Mr. Fienhold appealed.

## DISCUSSION

Although he was represented by counsel in the district court, Mr. Fienhold appears pro se on appeal. We therefore treat his appellate filings liberally but we do not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). His opening brief appears to raise three issues. First, he challenges the district court's factual findings.[1] Our review is limited to determining if the court's factual findings were clearly erroneous. *See* Fed. R. Civ. P. 52(a)(6). This standard of review is highly deferential:

> If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.

---

[1] Despite a conclusory assertion that the district court's conclusions of law were flawed, Mr. Fienhold has not identified for our review any particular legal error in the conduct of the bench trial or the court's written order.

*Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (citation omitted). Thus, "the question for this court under Rule 52(a) is not whether it would have made the findings the trial court did, but whether on the entire evidence [we are] left with the definite and firm conviction that a mistake has been committed." *N.L.R.B. v. Viola Indus.-Elevator Div., Inc.*, 979 F.2d 1384, 1387 (10th Cir. 1992) (en banc) (quotations and alteration omitted).

Mr. Fienhold points to evidence, including his own testimony, that the district court either rejected or found not credible. Essentially, he asks this court to reweigh the evidence, which we may not do. *See Anderson*, 470 U.S. at 574. Having considered the entirety of the trial transcript, we conclude that the district court's account of the evidence is more than plausible, *see id.*, and we are not left with a "definite and firm conviction" that the district court erred in its factual findings, *see N.L.R.B.*, 979 F.2d at 1387.

Mr. Fienhold's next contention, that the arrest was unlawful, is contrary to his attorney's express agreement that he was making no such claim. *See* Supp. R., Vol. I at 5-6 (Mr. Fienhold's counsel stipulating he was not raising unlawful arrest in this case); *id.*, Vol. III at 111:1-4, 119:21 (Mr. Fienhold's counsel offering no rebuttal to defense counsel's reiteration of that stipulation during closing argument). We see no reason to disregard the general rule that a party is bound by the acts of his attorney. *See Gripe v. City of Enid*, 312 F.3d 1184, 1189 (10th Cir. 2002).

Mr. Fienhold's final argument is that the judge fell asleep during the trial. However, he has not pointed to anything in the transcript to support his allegation, and our review has uncovered nothing that would substantiate it. Further, even assuming that the judge missed some testimony due to an inattentiveness, Mr. Fienhold has not explained how he was prejudiced, and we have uncovered nothing to undermine our confidence in the court's disposition.[2]

Mr. Fienhold has moved to supplement the record with (1) six deposition transcripts and (2) portions of the tribal code and BIA Law Enforcement Handbook that pertain to the officers' power to make a warrantless arrest. As to the transcripts, the general rule is that in determining an appeal, "we may not properly consider depositions not filed in the district court." *Daiflon, Inc. v. Allied Chem. Corp.*, 534 F.2d 221, 226-27 (10th Cir. 1976). Two of the transcripts are from videotaped depositions of medical experts, Drs. Whipp and Cardinal, that were played for, and filed with, the district court. Accordingly, we grant the motion as to those two transcripts. However, Mr. Fienhold has not explained how these transcripts might affect our disposition of this appeal, and

---

[2]    In his reply brief, Mr. Fienhold summarily argues that several eyewitnesses, apparently two of Ms. Tillman's daughters, her mother, and her mother's boyfriend, were not permitted to testify. Generally, arguments raised for the first time in a reply brief are waived, *see Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000), as are insufficiently-developed arguments, *see Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994). We see no reason to depart from these rules here. In any event, the record does not support this argument, as these witnesses were not included in Mr. Fienhold's final list of witnesses, *see* R., Doc. 24 at 1-2, and he made no effort to call them as witnesses-in-rebuttal at trial.

our review of them has uncovered nothing suggesting district court error. The other four deposition transcripts were not filed with the district court, so we deny that portion of the motion to supplement the record. Further, we grant Mr. Fienhold's motion to supplement the record with provisions of the tribal code and BIA Law Enforcement Handbook, which appear to have been admitted as exhibits at trial. But we see no relevance in those exhibits based on our holding that Mr. Fienhold is bound by his attorney's stipulation regarding the legality of the arrest.

The judgment of the district court is AFFIRMED. Mr. Fienhold's motion to supplement the record is granted in part and denied in part, as explained above.

Entered for the Court


John C. Porfilio
Circuit Judge