**TRIANGLE MFG. CO., Inc., Plaintiff,**

v.

**PARAMOUNT BAG MANUFACTURING CO., Inc., and Paramount Bag Co., Inc., Defendants.**

**No. 64-C-160.**

United States District Court
E. D. New York.

June 29, 1964.

---

Amster & Rothstein, New York City, for plaintiff.

Abraham J. Nydick, New York City, for defendants.

ZAVATT, Chief Judge.

The plaintiff herein, Triangle Mfg. Co., Inc. (hereinafter Triangle), alleges patent infringement and unfair competition by the defendants, Paramount Bag Mfg. Co., Inc., and Paramount Bag Co., Inc. (hereinafter Paramount). In substance, Triangle alleges that a shoe bag being marketed by Paramount infringes its patent in a similar bag, and that the sale of Paramount's product constitutes unfair competition and palming off. The case is now before this court on Triangle's motion, pursuant to Rule 33 of the Federal Rules of Civil Procedure, objecting to certain interrogatories propounded by Paramount. It is alleged generally that these interrogatories are "unduly burdensome, that much of the information constitutes business secrets such as customer lists, and that the information sought is neither relevant nor material."

The interrogatories in question are:

"1. With respect to the allegations of Paragraph 14 of the Amended Complaint that the Plaintiff has expended in excess of seventy thousand dollars ($70,000) to promote the sale of Plaintiff's bags:—

\* \* \* \* \* \*

"(c) Set forth the places and dates of publication of each of such promotional activities."

"2. With respect to the allegation in Paragraph 15 of the Amended Complaint that in excess of two

hundred thousand (200,000) of Plaintiff's bags have been sold:—

"a. Set forth the name and address of every vendee to whom such bags were sold;

"b. Set forth the number of bags sold to each such vendee;

"c. Set forth the dates of every such sale;

"d. Set forth the prices, discounts and allowances in respect of each such sale;

"e. Set forth the invoice numbers of any of every invoice covering each such sale;"

"5. With respect to the more than two hundred thousand (200,-000) of Plaintiff's bags alleged in Paragraph 15 of the Amended Complaint to have been sold by the Plaintiff:—

"a. Describe all materials employed in the construction of such bags;

"b. Set forth the name and address of every person from whom such materials were bought;

"c. Set forth the quantity of materials referred to in item b of this interrogatory;

"d. Identify the invoices of the suppliers of the materials referred to in item b of this interrogatory;"

▇▇▇ At the outset, this court cannot agree with Triangle's allegations that each of these interrogatories is irrelevant and, therefore, improper under Rule 33. The test of relevancy under this Rule is the same as that existing under Rule 26, i. e., that the "relevancy of interrogatories is to be determined by their relevancy to the proceedings and subject-matter and not relevancy to the issues in an action." Glick v. McKesson & Robbins, Inc., 10 F.R.D. 477, 479 (W.D.Mo. 1950). See also, Rose v. Bourne, Inc., 15 F.R.D. 362, 363 (S.D.N.Y.1953); Kaiser-Frazer Corp. v. Otis & Co., 11 F.R.D. 50, 53 (S.D.N.Y.1951). It is by now well

settled that this Rule, and the limitations contained therein, are to be liberally construed. See, e. g., Banco Nacional De Credito Ejidal, S.A., v. Bank of America, Nat'l Trust & Sav. Ass'n, 11 F.R.D. 497 (N.D.Cal.1951); Grinnell Co. v. Nat'l Bank of Far Rockaway, 2 F.R.D. 116 (E.D.N.Y.1941). At the very least, "[a] party should not be foreclosed from examining on any subject which might conceivably have a bearing upon the subject matter of the action." Bloomer v. Sirian Lamp Co., 4 F.R.D. 167, 169 (D. Del.1944). It is readily apparent that each of these interrogatories falls within these bounds of propriety. Interrogatory No. 1(c) merely seeks information as to a matter alleged in the complaint, i. e., the use of advertisements to create a "secondary meaning" for Triangle's product. Paramount, faced with the task of attempting to disprove the allegation of "secondary meaning," is entitled to the dates and places of publication of the advertisements upon which the allegation is, in part, based. The same reasoning applies with equal force to interrogatories No. 2(a) through 2(e). If plaintiff seeks to rely upon its volume of sales to help establish a "secondary meaning" in any given area, the defendants are entitled to know how many items were sold, and under what circumstances, in that area. Interrogatories No. 5(a) through 5(d) are not as squarely on point as are the others, but, nonetheless, are relevant to the question of "secondary meaning." Certainly it cannot be said that such information could not "conceivably have a bearing upon the subject matter of the action." Bloomer v. Sirian Lamp Co., supra.

▇▇ Notwithstanding the relevancy of these interrogatories, the court is disposed to sustain these objections on the ground that the required answers would place an unnecessary burden upon the plaintiff. Although "[i]nconvenience and burden are always the lot of a party to whom interrogatories are propounded," Leonia Amusement Corp. v. Loew's, Inc.,

18 F.R.D. 503, 505 (S.D.N.Y.1955), there must necessarily be limits beyond which a party should not be required to go; this is particularly true when, as in the instant case, there exists a reasonable alternative to the discovery method employed by the inquiring party. Each of the interrogatories propounded by Paramount can be answered only by an extensive compilation of data contained in Triangle's records. As to the information sought by interrogatory 1(c), Triangle states in its moving papers that "a cataloguing of the places and dates of such promotional activities would fill a book and would take six months of office time to compile." Although this claim may be somewhat exaggerated, it seems clear that such a compilation would require an inordinate amount of time and effort and that the answers to the other interrogatories would require an equal, if not greater, expenditure. Under these circumstances, and since an order pursuant to Rule 34 would properly lie for the production of these records, it seems only fair that the party seeking such information be required to bear the burden of extracting and collating it. See United Cigar-Whelan Stores Corp. v. Philip Morris, Inc., 21 F.R.D. 107 (S.D.N.Y.1957); Leonia Amusement Corp. v. Loew's, Inc., supra; Aktiebolaget Vargos v. Clark, 8 F.R.D. 635 (D.D.C.1949); Cinema Amusements, Inc. v. Loew's, Inc., 7 F.R.D. 318 (D.Del.1947); United States v. American Locomotive Co., 6 F.R.D. 35 (N.D.Ind.1946). The plaintiff's motion objecting to these interrogatories shall, therefore, be granted, and an order entered, pursuant to Rule 34, for the discovery and inspection of the relevant records from which Paramount can extract the information which it seeks.

 It is the opinion of the court, however, that such an order must be accompanied by a protective order pursuant to Rule 30(b). Plaintiff has objected, and properly so, to the divulgence of certain information pertaining to its customers and sources of supply. While there is no absolute privilege protecting such information, Louis Weinberg Associates, Inc. v. Monte Christi Corp., 15 F.R.D. 493, 495 (S.D.N.Y.1954), this court is most reluctant to make it available to a competitor such as Paramount. Cf., United States v. Continental Can Co., 24 Fed.Rules Serv. 33.321, Case 5 (S.D.N.Y.1957). It would seem, therefore, that the proper procedure would involve the selection of an impartial third person, to be paid by Paramount but acceptable to each party, who will examine Triangle's records with regard to the information sought in interrogatories 2(a) through 2(e) and 5(a) through 5(d). See American Crystal Sugar Co. v. Cuban-American Sugar Co., 23 Fed.Rules Serv. 26b.31, Case 3 (S.D.N.Y.1956); Caldwell-Clements, Inc. v. McGraw-Hill Pub. Co., 12 F.R.D. 531 (S.D.N.Y.1952). This third person will tabulate the information pertaining to Triangle's customers and sources of supply in such a manner as to give Paramount the maximum amount of information while at the same time maintaining the secrecy of the actual suppliers and customers. The identity of this third person, as well as the precise nature and scope of these tabulations, are to be agreed upon by the parties and incorporated, in detail, into the order to be submitted herein. Since the information sought by interrogatory No. 1(c) can in no way be regarded as a trade secret, inspection of the records pertinent thereto shall proceed without any protective order.

The plaintiff's objections to interrogatories No. 1(c), 2(a) through 2(e) and 5(a) through 5(d) are sustained. In lieu of answers thereto, the plaintiff shall permit inspection of its pertinent records, pursuant to Rule 34, as to the places and dates of its promotional activities. With respect to the information sought by the defendants by way of interrogatories No. 2(a) through 2(e) and 5(a) through 5(d), the parties shall select an impartial third person to examine the plaintiff's records at the cost and expense of the

defendants. And said third person so selected shall tabulate the said information in the manner hereinabove prescribed.

If the parties are unable to agree, on or before July 15, 1964, upon said impartial third person, they shall report their disagreement to the court on July 15, 1964, at 10 A.M. and thereupon the court will select an impartial third person.

Settle an order consistent herewith on or before July 15, 1964.