**CONCEPT INDUSTRIES, INC.,**
Plaintiff,

v.

**CARPET FACTORY, INC., Defendant.**
**No. 72–C–99.**

United States District Court,
E. D. Wisconsin.

May 9, 1973.

See also D.C., 56 F.R.D. 58.

Quarles, Herriott, Clemons, Teschner & Noelke, by L. C. Hammond and Peter C. Linzmeyer, Milwaukee, Wis., for plaintiff.

Herbert L. Usow, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This lawsuit was commenced by the plaintiff to collect the purchase price of certain carpet alleged to have been sold to the defendant for $44,898.35. Subsequent to the filing of its answer and counterclaim, the defendant served a set of interrogatories upon the plaintiff. The plaintiff has submitted answers to 28 of the interrogatories but has objected to two of the interrogatories on grounds of relevance and the burden of assembling the materials necessary to answer the challenged interrogatories.

Without first attempting informally to resolve the dispute concerning these interrogatories, the defendant moved for an order compelling the plaintiff to answer certain interrogatories. In sup-

port of its motion, the defendant alleges that the plaintiff's answers were incomplete, not in proper form, refer to extraneous material, or are otherwise not responsive.

Interrogatory number three seeks to learn the list price of the various carpet styles as well as the prices that such carpet was sold to the defendant. The plaintiff has responded to this interrogatory by referring the defendant to the schedule of carpets and prices set forth as exhibit "C" and appended to the defendant's answer to the amended complaint. The plaintiff has also set forth a schedule of carpets and prices as exhibit "1" attached to the answers to the interrogatories as well as a schedule of carpets and prices as listed on certain customer information sheets set forth within the answer to interrogatory number three.

■ I find no merit to the defendant's contention that this answer is incomplete or evasive. The schedules set forth as part of the defendant's answer are clear and unambiguous. It may be preferable that a schedule such as the one here in question be included within the answer to the interrogatory, but this is not an inflexible duty. Zatko v. Rogers Mfg. Co., 37 F.R.D. 29 (N.D.Ohio, 1964).

■ Interrogatory 4(e), mistakenly numbered 4(c) by the defendant, seeks to learn of any credits made on defendant's bill and the reasons why such credits were given. The plaintiff answered this inquiry by setting forth a schedule of the carpets given which are also cross-indexed as to original invoices. Copies of the credit memos here in question have previously been furnished to the defendant.

I find that the defendant has fairly and adequately provided the defendant with the information requested by interrogatory 4(e). The defendant complains that the plaintiff's response does not supply him with sufficient information which will enable him to determine what carpets were shipped; however, shipping information was not the subject matter of this interrogatory. An interrogatory could have been framed by the defendant to elicit this information, but the defendant failed to frame such an interrogatory and may not now complain that the unasked question was not answered.

■ Interrogatory number 11 seeks a list of all sales of certain "rip-outs" and remnants from August 10, 1971, to December 1, 1971. The plaintiff responded to this request by setting forth a schedule consisting of the dates of sale together with the quantity of such carpet sold on that date. The defendant objects to this answer because color and style of the carpet was not listed; however, the interrogatory propounded to the plaintiff did not request an answer as to color or style of the carpeting. The alleged dissatisfaction with the plaintiff's answer would appear to have stemmed from the defendant's failure to have asked the appropriate question.

Interrogatory 11(b) seeks to determine whether contracts for the sale of "rip-outs" and remnants were oral or written, where and to whom delivery was made, as well as the price for such "rip-outs" and remnants. The plaintiff objects to this interrogatory because its records for such transactions are filed under the name of a customer and that such answers would require a search of the files of some 3000 customers involving the screening of some 30,000 documents. A search of these records would require an estimated 1000 man hours.

■ I am unable to find that these records would not be material and relevant for the success of the defendant's counterclaim; accordingly, the defendant urges that such records must be produced. However, Rule 33(c), Federal Rules of Civil Procedure, provides the

plaintiff the option to make these records available to the defendant for his inspection, copying, abstracting, or summarizing. On the assumption that the plaintiff will adopt such option, the court will not order the plaintiff to make the research and compilation of the data. If the plaintiff fails to adopt the aforesaid option within ten days from the date of this order, the defendant may reapply for a new order as to question number 11(b).

■ The defendant objects to the plaintiff's incorporation of its answers to interrogatories 4(e) and 5 as the answer to interrogatory number 12. I find no merit to this objection for two reasons: first, no elaborate comparison of the answers is necessary in order to elicit the requested information, and secondly, the defendant has used this technique to respond to the plaintiff's interrogatories served upon it in this same action. See Zatko v. Rogers Mfg. Co., supra, 4A Moore's Federal Practice ¶ 33.25 (1) (1972).

Interrogatory number 13 seeks a list of all items returned to the plaintiff by the defendant and demands a copy of all pertinent documents. The plaintiff has supplied the requested information; actually, the interrogatory is more accurately described as a request to produce documents pursuant to Rule 34, Federal Rules of Civil Procedure. The plaintiff has appended the documents as an exhibit to its answer. I find that the plaintiff has given the defendant more information than what would have been required to satisfy its obligation in answering interrogatory number 13, and no further response is required.

■ Interrogatory number 15 seeks the following:

"The reason that the 20,000 square yards of carpeting which were to have been delivered to the defendant pursuant to contracts of August 10th and August 19th were not fulfilled and the warehouse record as of August 10th as to the amount of rip outs and mill ends then in the warehouse at that time."

The plaintiff's answer denies the existence of any contracts for 20,000 square yards and the existence of any records showing the amount of "rip-outs" and remnants on any given day. I deem this an adequate answer.

■ Interrogatory number 24 seeks an accounting of the transactions between plaintiff and defendant. The plaintiff has responded to this interrogatory by setting forth the month, day, and year of the transaction, the invoice number of the transaction, and the amount of the transaction. The defendant's objection that this schedule is not in ledger form is totally without merit.

■ Interrogatory number 25 requests:

"A list of the names and addresses of the specific jobs listed by the plaintiff upon information from either the defendant or the customers of the alleged defective carpeting supplied."

The plaintiff has responded that it is unable to understand the meaning of interrogatory 25 and, therefore, cannot answer it. The defendant has attempted to explain the interrogatory in his brief in support of this motion to compel an answer. The question is not clear, and the plaintiff will not be required to answer it.

■ Interrogatory 26 seeks to learn the identity of any customer who had a complaint during 1971 concerning defective merchandise. The plaintiff has objected to this interrogatory since it keeps no records of customer complaints in a separate file, that it had approximately 7000 active customers in 1971 whose sales records generated approximately 80,000 documents, each of which would have to be examined to learn the required information. The plaintiff further asserts that such information is not relevant to any issue in this case.

The answering of this interrogatory would require an enormous amount of time and effort and in view of its doubtful relevance, the defendant should bear the cost of assembling the material necessary to frame an answer. See Triangle Manufacturing v. Paramount Bag Mfg. Co., 35 F.R.D. 540 (E.D.N.Y.1964). The plaintiff shall not be obliged to answer unless the defendant first posts a bond in the amount of $10,000 to guarantee the payment of the cost of assembling the required data; if and when such bond is posted, the plaintiff shall be required to make a diligent effort to answer this interrogatory.

The plaintiff has answered interrogatories 28 and 29 by reference to its answers to interrogatories 23 and 15, respectively. The defendant complains of the incorporation by reference of answers to other interrogatories. For the reason set forth above in the discussion concerning interrogatory 12, I find no merit to the defendant's objection.

■ The defendant's interrogatory number 30 seeks a complete list of all shipping information with regard to color, weight, style, model, and type of carpet shipped as well as certain price information. The plaintiff has answered this interrogatory by identifying certain invoices by date and number, copies of which are in possession of the defendant. I find that the plaintiff has fairly and adequately answered this interrogatory.

Therefore, it is ordered that the defendant's motion to compel an answer to interrogatory 11(b) is denied without prejudice.

It is also ordered that if the defendant files a bond as set forth in the decision, the plaintiff shall be required to answer interrogatory 26 within a reasonable time after such filing of the bond.

It is further ordered that the motion to compel answers be and hereby is denied in all other respects.