VINCENT & VINCENT, INC., Plaintiff,

v.

Steve SPACEK, Defendant and Third-Party Plaintiff-Respondent,

FORD MOTOR COMPANY, a foreign business corporation, Third-Party Defendant-Appellant.†

Court of Appeals

*No. 80–566. Submitted on briefs December 18, 1980.— Decided April 21, 1981.*
(Also reported in 306 N.W.2d 85.)

† Petition to review denied.

For the appellant the cause was submitted on the briefs of *Wilcox & Wilcox* and *William J. Westerlund* of Eau Claire, and *Foley & Lardner*, *Jon P. Christiansen* and *Nancy J. Sennett*, of Milwaukee.

For the respondent the cause was submitted on the brief of *DeBardeleben & Snyder* of Park Falls.

Before Foley, J., Dean, J., and Gartzke, J.

FOLEY, J.   Pursuant to sec. 808.03(2), Stats., this court granted Ford Motor Company leave to appeal the trial court's order directing Ford to answer Steve Spacek's written interrogatories and imposing costs and attorney's fees on Ford. Ford argues that the interrogatories imposed an undue burden and expense entitling Ford to a protective order under sec. 804.01(3), Stats. Ford also argues that the trial court's imposition of costs and attorney's fees under sec. 804.12, Stats., was error. Because we conclude that the trial court did not abuse its discretion in awarding costs and fees against Ford, we affirm the award. Because we conclude that the trial court did, however, abuse its discretion in ordering the discovery, we reverse the court's order denying Ford's motion for a protective order.

In 1974, Spacek purchased a 1974 truck that had been manufactured by Ford Motor Company. After the twelve-month/12,000-mile warranty had expired, the truck's engine failed. Spacek took the truck to Vincent & Vincent, Inc., for repair and while repairing the engine, Vincent discovered and repaired damage to the transmission. Spacek refused to pay Vincent for the repair causing Vincent to bring this action. Spacek joined Ford as third-party defendant for the cost of the truck's repairs, plus incidental damages, based on claims of implied or extended warranty and negligent manufacture. Spacek claims $2,200 in damages from Ford.

To obtain discovery, Spacek served written interrogatories on Ford. Two of Spacek's interrogatories requested information concerning each claim or complaint made against Ford between 1974 and 1979 based on a defect in engine valves, heads, or pistons in all Ford

motor vehicles. The interrogatories also requested information concerning claims or complaints alleging both defects in engine valves, heads, or pistons, and transmission failures in the model Spacek owned. The interrogatories further requested the name, address, and telephone number of each of the claimants, the nature of the complaint, and Ford's disposition of the complaint.

In response to Spacek's interrogatories, Ford requested a protective order against discovery. Ford claimed that the desired discovery was unduly burdensome and would cause great expense. Ford's affidavits in support of its request stated that the information was not compiled in a central location, but was kept at thirty-four service division district offices. Additionally, the complaints were not filed by vehicle or type of complaint. This would require Ford to spend hundreds of hours manually sifting through hundreds of records and microfilm at thirty-four district offices and 6,500 dealerships across the country. It was estimated that it would take over 250 hours to search the various files for the details requested by the interrogatories. Spacek offered no affidavits in response to Ford's affidavits.

The trial court denied Ford's request for a protective order and ordered it to answer the interrogatories. In denying Ford relief, the trial court observed that given modern information storage and retrieval systems, Ford had apparently deliberately made the requested information relatively inaccessible to parties seeking discovery. The trial court clearly relied on this observation as a fact in reaching its decision.

The standard of review of trial court discovery decisions is whether the trial court abused its discretion in ordering or prohibiting discovery. *Shibilski v. St. Joseph's Hospital of Marshfield, Inc.*, 83 Wis.2d 459, 470–71, 266 N.W.2d 264, 270 (1978). *See Galella v. Onassis*,

487 F.2d 986, 997 (2d Cir. 1973). An abuse of discretion occurs where a trial court exercised discretion based on a mistake of fact. *See Van Wyk v. Van Wyk,* 86 Wis.2d 100, 108, 271 N.W.2d 860, 863 (1978). An appellate court will accept a trial court's findings of fact unless they are against the great weight and clear preponderance of the evidence. *Cogswell v. Robertshaw Controls Co.,* 87 Wis.2d 243, 249, 274 N.W.2d 647, 650 (1979).

From our review of the record, we conclude that the trial court's finding that Ford had deliberately made the requested information relatively inaccessible is not supported by the evidence. Ford's uncontradicted affidavits indicated that it did not have the requested information readily available. Spacek failed to introduce any affidavits to the contrary. In addition, Ford's affidavits contained nothing that would support an inference that it deliberately caused the relative inaccessibility of the information. The trial court's discretionary order was therefore based on a mistake of fact.

We may still uphold the discretionary order of the trial court if we can conclude from the record that facts existed to support the trial court's decision had discretion been exercised based on those facts. *See Conrad v. Conrad,* 92 Wis.2d 407, 415, 284 N.W.2d 674, 678 (1979). This requires our independent determination of whether justification for a protective order from Spacek's interrogatories existed. From our review of the record, we conclude that facts do not exist to support the trial court's order.

Section 804.08, Stats., requires a party served with an interrogatory to provide the requested information if it "is available to the party." Upon a showing of "good cause," sec. 804.01(3) authorizes a court to protect a

party from discovery that would result in annoyance, embarrassment, oppression, or undue burden or expense. The burden of establishing good cause for the protective order is upon the party seeking the protective order. *See General Dynamics Corp. v. Selb Manufacturing Co.,* 481 F.2d 1204, 1212 (8th Cir. 1973), *cert. denied,* 414 U.S. 1162 (1974).

■

Ford has attempted to establish good cause for a protective order by proof of the burden and expense associated with the discovery. All interrogatories are, however, burdensome and expensive to some degree. The question is whether the particular burden and expense is justified in the particular case. *Federal Cartridge Corp. v. Olin Mathieson Chemical Corp.,* 41 F.R.D. 531, 533 (D. Minn. 1967). When the burden and expense are determined, courts must weigh this burden and expense against the value of the information sought. *See Barnett v. Sears Roebuck and Co.,* 80 F.R.D. 662, 664 (W.D. Okla. 1978); 4A Moore's Federal Practice ¶33.20, at 33–101 (2d ed. 1980).

■

Spacek's claim for damage is $2,200. Ford's uncontradicted affidavits indicate that its expenses in answering the interrogatories would be between $5,000 and $10,000. This is a prohibitive disparity and will deny access for any cost-conscious defendant to a court determination of the merits of the defense by forcing settlement. We have nothing to balance against this cost except Spacek's assertion that if other engines or transmissions were defective, this information would be relevant. This is not sufficient to justify the prohibitive burden Spacek asks the court to impose on Ford. *See Concept Industries, Inc. v. Carpet Factory, Inc.,* 59 F.R.D. 546, 550 (E.D. Wis. 1973). *See also Triangle Mfg. Co. v. Paramount Bag Manufacturing Co.,* 35

F.R.D. 540, 542–43 (E.D.N.Y. 1964). In the absence of any additional considerations, and none have been offered, we conclude that Ford has established the necessary good cause for a protective order. Facts, therefore, do not exist to support the trial court's order.

Section 804.08 (3) evidences the general intent that the party seeking discovery should bear the burden of extracting the information. This provision, while not undermining the liberal scope of discovery, places the burden of discovery on the potential benefitee. *See* Judicial Council Committee's Note [1974] to §804.08, Stats., 67 Wis.2d at 677–78. If Spacek is willing to post bond to cover discovery costs or is willing to do the discovery work himself, the trial court may wish to reconsider this matter or require Ford to provide the information necessary to permit Spacek to do the discovery. *See Concept Industries, Inc.,* 59 F.R.D. at 550. If Spacek ultimately prevails, the cost of discovery to the extent it is a taxable cost can be assessed against Ford.

Ford lastly argues that since it was "substantially justified" under sec. 804.12 (2) (b) in failing to comply with the trial court's order to answer Spacek's interrogatory, the court should not have imposed costs on Ford. The imposition of sanctions for failure to comply with discovery orders is discretionary with the trial court. *Estate of Glass,* 85 Wis.2d 126, 146–47, 270 N.W.2d 386, 396 (1978). *See David v. Hooker, Ltd.,* 560 F.2d 412, 418–19 (9th Cir. 1977). Section 804.08 (1) (b) requires that objections to interrogatories be filed within thirty days of receipt of the interrogatories. Ford did not make a motion for a protective order until more than thirty days after the trial court's order mandating discovery. Spacek incurred costs as a result of Ford's refusal to answer the interrogatories or to timely move for a pro-

tective order. Under these circumstances, we conclude that the court did not abuse its discretion in imposing costs on Ford pursuant to sec. 804.12(2)(b), Stats.

*By the Court.*—Order affirmed in part and reversed in part.