**PUERTO RICO AQUEDUCT AND SEWER AUTHORITY, Plaintiff,**

v.

**CLOW CORPORATION, et al., Defendants.**

**Civ. No. 82–2421 (HL).**

United States District Court, D. Puerto Rico.

Sept. 12, 1985.

Salvador Antonetti-Zequeira, Fiddler, González & Rodríguez, San Juan, Puerto Rico, Robin R. Lunn, Jonathan G. Bunge, Bedell A. Tippins, Keck, Mahin & Cate, Chicago, Ill., for Clow Corp. and Cerro Copper Products.

Roger L. Longtin, Chicago, Ill., for Cerro Copper Products.

Adrián Mercado, Fiddler, González & Rodríguez, Rúa & Mercado, San Juan, Puerto Rico, Donald E. Engel, Asst. Secretary, Carol Stream, Ill., Mary C. Sorrell, Jacksonville, Fla., for Clow Corp.

Ramón Humberto Vargas, Calderón, Rosa-Silva & Vargas, Hato Rey, Puerto Rico, for Flintkote Co.

Iván M. Fernández, Falcón & Fernández, Hato Rey, Puerto Rico, for Vanguard Plastics.

James L. Selman, Alexander H. Plache, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., Stanley Feldstein, San Juan, Puerto Rico, for Witco Chemical Corp.

James A. Toro, Chavier Stevenson & Toro, San Juan, Puerto Rico, for Dan De Products and Western Products Co.

Samuel H. Seymour, William A. Hutchins, Richard A. Maresca, Chapman, Duff & Paul, Washington, D.C., Hernando A. Rivera, Chapman, Duff & Paul, Hato Rey, Puerto Rico, for plaintiffs.

José A. Fusté, Jiménez & Fusté, San Juan, Puerto Rico, George B. Butts, Brown, Maroney, Rose, Baker & Barker, Austin, Tex., Rafael Pérez-Bachs, McConnell, Valdés, Kelley, Sifre, Griggs & Ruiz-Suria, San Juan, Puerto Rico, Pedro J. Santa-Sánchez, O'Neill & Borges, Sonsire Ramos-Soler, Rivera, Tulla & Ferrer, Hato Rey, Puerto Rico, Amancio Arias Guardiola, Arias Cestero & Arias Guardiola, Santurce, Puerto Rico, Daniel A. Hyde, Vinson & Elkins, Houston, Tex., Cesar T. Andreu-Megwinoff, Angel L. Calero Cerezo, Santurce, Puerto Rico, John V. Baus, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., Charles Ruff, Washington, D.C., Charles A. Cordero, Ricardo L. Rodríguez Padill, San Juan, Puerto Rico, for defendants.

## OPINION AND ORDER

JUSTO ARENAS, United States Magistrate.

This is a diversity action filed on October 8, 1982 by Puerto Rico Aqueduct and Sewer Authority ("PRASA") against twelve defendants for alleged defects discovered in approximately twenty-thousand polybutylene ("PB") cold water service connections.

Interrogatories were propounded by both parties throughout 1983. At issue before this court are defendants' motions to compel answers to interrogatories filed in August, 1984 and 1985 and February, 1985. Parties have also filed extensive memoranda relating to the motions.

We separate defense motions into the following categories.

### I. *Option to Produce Business Records, Fed.R.Civ.P. 33(c)*

Defendants' interrogatories can be labeled as "tracing" and "non-tracing." "Tracing" interrogatories require PRASA to identify the PB resin or tubing from the particular manufacturer-defendant through PRASA's purchasing and warehouse department and trace it into the ground at particular locations. "Non-tracing" interrogatories, for example, require PRASA to state dates of purchase of PB tubing, and to describe each transaction.[1]

PRASA objects to these interrogatories on grounds that 1) it has identified the

---

1. *See* Plaintiff's Opposition to Defendants' Motion to Compel Answers to Interrogatories, 7–28 (filed Sept. 10, 1984); PRASA's Opposition to Defendants' Motions to Compel Answers to Interrogatories and Production of Documents, 6–11 (filed May 6, 1985); Reply by Resin Defendants to Plaintiff's Opposition to Motion to Compel, 6–10 (filed May 31, 1985).

documents where the requested information can be ascertained, 2) has produced relevant documents for defendants' inspection, 3) has "no easily available" source to identify the manufacturer of each PB tubing, 4) has offered "reasonable assistance" to defendants, and 5) has retrieved PB tubing samples for defendants' inspection.

■ Under Rule 33(c), PRASA can produce business records without narrative answers to defendants' interrogatories only if 1) the specificity requirement has been satisfied, *and* 2) the relative burdens of research are "substantially the same" for both parties.[2] *Daiflon, Inc. v. Allied Chemical Corp.*, 534 F.2d 221, 226–27 (10th Cir.), *cert. denied*, 429 U.S. 886, 97 S.Ct. 239, 50 L.Ed.2d 168 (1976); *Compagnie Francaise D'Assurance v. Phillips Petro.*, 105 F.R.D. 16, 43–45 (S.D.N.Y.1984).

■ For reasons stated below, Rule 33(c) is inapplicable. Thus, we order PRASA to submit written answers to defendants' "tracing" and "non-tracing" interrogatories.

### A) *Specificity Requirement*

Rule 33(c) provides, in relevant part: Where the answer ... may be derived or ascertained from the business records ... it is ... sufficient ... to specify the records from which the answer may be derived or ascertained ... A specification shall be in sufficient detail to permit the interrogating party to locate and to identify ... the records ...

This rule should be liberally construed. *In re Master Key*, 53 F.R.D. 87, 89–90 (D.Conn.1971). It is insufficient for PRASA to answer that the information requested may or may not be found. More certainty in PRASA's answers is required. *See In re Puerto Rico Electric Power Authority*, 687 F.2d 501, 508 (1st Cir.1982). For Rule 33(c) to apply, PRASA has to specify which of the documents contain the information sought by defendants. *Budget Rent-A-Car of Mo., Inc. v. Hertz Corp.*, 55 F.R.D. 354, 357–58 (W.D.Mo.1972). Contrary to defendants' argument, this case is unlike *In re Master Key*, 53 F.R.D. 87, 89 (D.Conn.1971), where the interrogated party simply answered that the records were available for the interrogating party's inspection. Here, PRASA has identified by serial number, organized and assembled the documents.[3] It has explained how the information can be found in the documents, and has offered "reasonable assistance" to defendants. *See* note 3, *supra*, at 13. While some of PRASA's answers are somewhat ambiguous,[4] PRASA has specified with sufficient particularity and certainty that the information sought can be found. Accordingly, the specificity requirement of Rule 33(c) is satisfied.

### B) *Relative Burden of Research*

■ If the information can be found in PRASA's business records, but the burden of researching an answer is heavier for defendants, Rule 33(c) is inapplicable.[5] *Pascale v. G.D. Searle & Co.*, 90 F.R.D. 55, 59 (D.R.I.1981).

Defendants have the onus of proving that their burden of researching an answer is heavier than PRASA's. *See* Fed.R.Civ.P. 33(c), advisory committee note (1970); *Daiflon v. Allied Chemical Corp.*, 534 F.2d 221, 226–27 (10th Cir.), *cert. denied*, 429 U.S. 886, 97 S.Ct. 239, 50 L.Ed.2d 168 (1976). The first question is whether there is a *bona fide* burden under Rule 33(c). The district court in *Pascale v. G.D. Searle*

---

**2.** Rule 33(c) does *not* relieve interrogated party from its obligation to make available its business records for interrogating party's inspection.

**3.** *See* Plaintiff's Opposition to Defendants' Motion to Compel Answers to Interrogatories, *supra* note 1, at 26–28.

**4.** *See* Reply by Resin Defendants to Plaintiff's Opposition to Motion to Compel, *supra* note 1, at 6–8.

**5.** In *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 357, 98 S.Ct. 2380, 2392, 57 L.Ed.2d 253 (1978) (*dicta*), the Supreme Court framed the test as "where the burden of deriving the answer would not be 'substantially the same,' and the task could be performed more efficiently by the responding party, the discovery rules normally require the responding party to derive the answer itself."

*& Co.,* 90 F.R.D. 55, 60–61 (D.R.I.1981), explained:

> Answering interrogatories often requires the interrogated party to refer to written documents, particularly where the party is a corporate entity. Referring to a document in order to answer an interrogatory is not the kind of burden contemplated by the rule.

The burden imposed on PRASA by defendants is clearly more than just "referring to a document." A satisfactory answer to defendants' "tracing" interrogatories necessitates a substantial amount of research and expense. PRASA would have to pinpoint, for example, each location of defective PB tubing in its entire cold water system. According to its estimates, defective PB tubing ranges from twenty-thousand to one-hundred thousand connections. We find that there is a *bona fide* burden under Rule 33(c). But our inquiry does not stop here. The critical question is whether this burden of research falls more heavily on defendants. We hold that it does. Rule 33(c) therefore does *not* apply.

■ The relative burden inquiry is a delicate one. We must balance among several factors, including the costs of research, *see* Fed.R.Civ.P. 33(c) advisory committee note (1980), the nature of the business records, and the familiarity of interrogated party with its documents. *Lurus v. Bristol Laboratories, Inc.,* 89 Wash.2d 632, 574 P.2d 391, 393 (1978); *Al Barnett & Son, Inc. v. Outboard Marine Corp.,* 611 F.2d 32, 35 (3d Cir.1979), *overruled* on other grounds by *Alexander v. Gino's, Inc.,* 621 F.2d 71, 73 (3d Cir.), *cert. denied,* 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980).[6]

As to the economic factor, PRASA estimates that it would cost at least $200,000 and six-months of research to answer defendants' interrogatories. While substantial, we have no reason to suspect that defendants would not incur in at least as much time and expense to do exactly the same research.[7]

Regarding the second factor, defendant Shell vigorously disputes PRASA's assertion that the records, while numerous are not obscure. At this stage of discovery, this Magistrate cannot determine whether PRASA's records are "difficult to read," *Al Barnett & Son, Inc. v. Outboard Marine Corp.,* 611 F.2d 32, 35 (3d Cir.1979),[8] or otherwise "obscure and inadequate."[9]

The critical factor, which we have the discretion to weigh heavily, is PRASA's greater familiarity with its own business records. The 1970 advisory committee notes to Rule 33(c) provide:

> A respondent may not impose on an interrogating party a mass of records as to which research is *feasible* only for one familiar with the records (emphasis added).

PRASA argues that in every case an interrogated party will be more familiar with its business records than will be the interrogating party. Thus, it is argued, that PRASA's greater familiarity cannot alone be dispositive. If defendants can also conduct research, the argument goes, PRASA's greater familiarity with its records is inconsequential.

PRASA simply misses the point. The test is *not,* as it maintains, whether PRASA is the "only" party that can research, but whether research is "feasible." If it is not "feasible" for defendants to "ascertain or derive the answer," Fed.R.Civ.P. 33(c), then PRASA, the party most familiar with its records, must do the research. A party in that situation cannot avail itself of Rule 33(c).

■ Research feasibility depends on the facts and circumstances of each case. Defendants claim not to possess the knowledge necessary to examine PRASA's busi-

---

**6.** The Third Circuit's interpretation in *Al Barnett & Son, Inc.* of Rule 33(c) remains intact after *Gino's Inc.*

**7.** *See* Reply by Resin Defendants, *supra* note 1, at 11–12.

**8.** *See* note 6.

**9.** *See* Motion to Compel Production of Documents, etc., 4 (filed August 29, 1985).

ness records. They assert "an understanding of the procedures followed by PRASA with respect to 'force account' installations, contractor installations, and project developer installations is essential /for/ obtaining specific information from the voluminous files."[10] Although defendants have expertise in the manufacture of PB tubing or resin, they lack PRASA's expertise in PB tubing installation procedures. Even if PRASA can provide defendants "reasonable assistance," we are convinced that PRASA can be more "efficient," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 357, 98 S.Ct. 2380, 2392, 57 L.Ed.2d 253 (1978), than defendants in "ascertaining or deriving the answer," Fed.R.Civ.P. 33(c), from its business records.

Further, defendants claim that PB tubing samples for defendants' inspection are inadequate. Defendants have repeatedly argued that testing of samples can only take place at PRASA's facilities, and that PRASA lacks the equipment necessary for "chemical analysis." We conclude that research is not feasible for defendants. Rule 33(c) is inapplicable. PRASA relies for support on *Daiflon, Inc. v. Allied Chemical Corp.*, 534 F.2d 221 (10th Cir.), *cert. denied*, 429 U.S. 886, 97 S.Ct. 239, 50 L.Ed.2d 168 (1976); *Mid-America Facilities, Inc. v. Argonaut Ins. Co.*, 78 F.R.D. 497 (E.D.Wis.1978); *Concept Industries, Inc. v. Carpet Factory, Inc.*, 59 F.R.D. 546 (E.D.Wis.1973), and *Triangle Mfg. Co. v. Paramount Bag Mfg. Co.*, 35 F.R.D. 540 (E.D.N.Y.1964). As distinguished from *Daiflon*, defendants here have presented evidence supporting a heavier burden under Rule 33(c). The mere fact that an interrogated party has to screen 30,000 documents as in *Concept Industries, Inc.*, does not, without more, trigger Rule 33(c). We also disagree with *Triangle Mfg.*, a case decided prior to the 1970 amendments. The district court in that case did not weigh

the relative burden of research as mandated by Rule 33(c). Research time as in *Mid America Facilities, Inc.* is only one of many factors that must be balanced under this rule.

We also hold that the information sought is highly relevant, Fed.R.Civ.P. 26(b)(1), and is not unduly burdensome for PRASA to produce it.

It is ORDERED that PRASA expeditiously submit narrative answers to all of defendants' "tracing" and "non-tracing" interrogatories on or before November 4, 1985.

## II. *Information held by Experts,* Fed.R.Civ.P. 26(b)(4)

Defendants have moved this court to compel PRASA to disclose information, including facts, opinions, and identities of its experts.[11] For reasons stated below, defendants' motions are DENIED.

### A) *Testifying Experts,* Fed.R.Civ.P. 26(b)(4)(A)

■ Except as otherwise provided in Rule 26, we reject PRASA's argument that the work-product doctrine precludes discovery of information held by its experts. The advisory committee notes (1970) foreclose PRASA's position:

> The new provisions of /Rule 26(b)(4)/ reject as ill-considered the decisions which have sought to bring expert testimony within the work-product doctrine.

Defendants are clearly entitled to that information specified in Rule 26(b)(4)(A). *Marine Petroleum Co. v. Champlin Petroleum Co.*, 641 F.2d 984, 990 (D.C.Cir. 1980); *Mantolete v. Bolger*, 96 F.R.D. 179, 181 (D.Ariz.1982). We are cognizant of defendants' need for information to prepare its cross-examination for trial.

This complaint was filed three years ago. More than two years have passed since defendants propounded interrogatories, and a year has gone by since they filed

---

**10.** Reply by Resin Defendants, *supra* note 1, at 8.

**11.** *See* Resin Co-defendants Further Motion to Compel Plaintiff to Answer Interrogatories, 4–19 (filed Feb. 20, 1985); Memorandum in Support of Motion to Compel Answers by PRASA to First Interrogatories of Shell, 3–7 (filed Sept. 24, 1984); Plaintiff's Opposition, *supra* note 1, at 29–37; PRASA's Opposition, *supra* note 1, at 12–19.

motions to compel. Yet PRASA "has not determined" its testifying experts. While the case is complex, this Magistrate has resolved, as the parties are aware of from our last reunion, that this case will, unlike fine wine, not reach its vintage. Plese note 28 U.S.C. § 1927.

On September 24, 1985, we will set a deadline for all parties to disclose outstanding expert information.

### B) *Non-testifying Experts,* Fed.R.Civ.P. 26(b)(4)(B)

Defendants have also propounded interrogatories seeking disclosure of facts, opinions, and identities of PRASA's experts "not expected" to testify.

■ "These experts are subject to a more restrictive discovery standard." *Mantolete v. Bolger,* 96 F.R.D. 179, 181 (D.Ariz.1982). Discovery of "facts or opinions" held by these experts cannot take place unless defendants meet the "heavy burden," *Hoover v. United States Dept. of the Interior,* 611 F.2d 1132, 1142 n. 13 (5th Cir.1980), of showing "exceptional circumstances." Fed.R.Civ.P. 26(b)(4)(B).

■ Defendants seek information held by PRASA's non-testifying experts regarding alleged defects in PB tubing or resin. They claim that samples which PRASA has supplied for their inspection are inadequate to learn the cause of PB failures. Defendants further contend that since their agents were unable to observe PRASA's excavation of PB tubings, it is now difficult to learn the cause of failure unless PRASA reveals "facts or opinions" of its non-testifying experts.

The standard for "exceptional circumstances" is the impracticality for the interrogating party "to obtain facts or opinions on the same subject by other means." Fed.R.Civ.P. 26(b)(4)(B). We conclude that defendants have "other means" available to obtain the same information. PRASA has 1) disclosed the names and addresses of those persons who participated in approving the use of PB tubing, 2) identified those knowledgeable of PRASA's installation

procedures and, 3) listed those employees involved in its decision to discontinue the use of PB tubing.[12]

In a case involving alleged violations of federal price regulations, the District of Columbia Circuit explained:

/The interrogating party/ has and long has had the opportunity to secure from /interrogated party/ officials the full panoply of facts discoverable, and the corresponding opportunity to employ its own experts to formulate opinions.... *Marine Petroleum Co. v. Champlin Petroleum Co.,* 641 F.2d 984, 994 (D.C.Cir. 1980).

The court thus held no "exceptional circumstances" existed requiring disclosure of facts or opinions of non-testifying experts.

*Marine Petroleum Co.* is convincing here. The record does not contradict defendants' opportunity to obtain the same information either from PRASA's officials or from its own experts. Discovery is still in progress, and as long as defendants have a chance to secure information by other means, the "facts or opinions" of PRASA's non-testifying experts need not be disclosed.

Defendants rely for support on *Sanford Construction Co. v. Kaiser Aluminum & Chemical Sales, Inc.,* 45 F.R.D. 465 (E.D. Ky.1968). That case, however, lacks authoritative value. It was decided prior to the critical 1970 amendments to Rules 33 and 34. We find defendants have not met their "heavy burden" of showing "exceptional circumstances." Their motions to compel are DENIED.

### 1) *Experts' Identities*

■ Rule 26(b)(4)(B) does not expressly address disclosure of identities of non-testifying experts. The advisory committee notes (1970) inform:

/A/ party may on a *proper showing* require the other party to name experts retained or specially employed, but not

---

**12.** PRASA's Answers to First Interrogatories of Shell ..., 7, 14, 16, 17 (filed July 13, 1984).

those informally consulted (emphasis added).

The Tenth Circuit in *Ager v. Jane C. Stormont Hospital & Training, etc.*, 622 F.2d 496, 502–03 (10th Cir.1980), construed "proper showing" as meaning "exceptional circumstances." Although PRASA has recognized that federal district courts are split on this issue, defendants have overlooked *Ager*. Because we agree with *Ager*, we hold, as discussed earlier, that *no* "exceptional circumstances" exist. Defendants' motions to compel disclosure of experts' identities are DENIED.

### III. Contentions of Fact, or Application of Law to Fact, Fed.R.Civ.P. 33(b)

Defendants propounded interrogatories seeking information used by PRASA in support of its allegations of negligence and unfitness in the manufacture of PB resin and tubing.[13] Because we conclude that such information "can be most useful in narrowing and sharpening the issues," advisory committee note (1970), defendants' motions to compel are GRANTED.

PRASA counters that the information sought is not "otherwise discoverable" under Rule 26(b). Fed.R.Civ.P. 33(b). It maintains that disclosure of contentions of fact or application of law to fact bypasses those protections afforded by Rule 26(b)(4)(B).

■ For two reasons, we hold that defendants' need for information to prepare their defense outweighs the risks, if any, of disclosure. First, a sufficient answer to defendants' interrogatories does *not* require PRASA to reveal the identities of its experts. Thus, the policy considerations in *Ager*, supporting non-disclosure of identities of non-testifying experts, are not implicated. Second, PRASA can be compelled to produce information held by its officials or employees without offending Rule 26(b)(4)(B). This rule generally precludes

the *identification* of information as the work of a non-testifying expert, but does not prohibit discovery of the *information* itself. *Marine Petroleum Co. v. Champlin Petroleum Co.*, 641 F.2d 984, 994 (D.C. Cir.1980).

■ PRASA is not compelled to disclose the identities of its nontestifying experts. However, we ORDER PRASA to produce information, including facts and contentions relating to mixed questions of law and fact, used in support of its allegations of negligence and unfitness in the manufacture of PB resin and tubing.

We decline PRASA's invitation to defer their answer to defendants' interrogatories until completion of discovery. The language of Rule 33(b) plainly suggests deferral is discretionary.

Defendants' motions to compel are GRANTED, consistent with this opinion. PRASA has until November 4, 1985 to comply.

### IV. Relevance, Fed.R.Civ.P. 26(b)(1)

■ Defendants also propounded interrogatories asking for PRASA's performance requirements, design standards, installation and inspection procedures of buried cold water service connections utilizing materials other than polybutylene ("PB").[14]

It is a close question whether this information is relevant to the subject matter of this action, namely alleged defects in polybutylene tubings.

The phrase "relevant to the subject matter" in Rule 26(b)(1) is liberally construed, 8 C. Wright and A. Miller, Federal Practice and Procedure § 2008 at 41 (1970), as encompassing "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in that case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352, 98 S.Ct. 2380, 2390, 57 L.Ed.2d 253 (1978).

---

**13.** An example is Shell interrogatory No. 23. *See* Shell's Memorandum in Support ..., *supra* note 12, at 2–4; *see also* PRASA's Answers, *supra* note 13, at 27–28; PRASA's Opposition, *supra* note 1, at 3–5; Plaintiff's Opposition, *supra* note 1, at 37–41.

**14.** *See* Memorandum in Support ..., *supra* note 12, at 5–6. Plaintiff's Opposition ..., *supra* note 1, at 41–44.

An issue raised by defendants is whether improper installation procedures caused the alleged premature failures in PB tubings. Defendants persuasively argue that disclosure of PRASA's experience with materials such as copper or polyethylene may explain the cause of premature failures in polybutylene tubings. PRASA's answer to interrogatory No. 12 of Shell [15] specifies:

> As to polybutylene tubing ... its installation is *similar* to that of copper /and/ the instructions given PRASA's pipe installers did not differ significantly from those given for copper (emphasis supplied).

Given the claimed similarities in installation procedures and instructions, any differences in chemical structure, design or specifications between copper and polybutylene may explain the alleged premature failures in PB tubings. We thus find defendants' interrogatories relevant.

PRASA insists that even if relevant, disclosure of the information is "unduly burdensome." We agree.

This court can "limit the frequency or use" of defendants' interrogatories if it determines "the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive...." Fed.R.Civ.P. 26(b)(1)(i). The advisory committee notes (1983) authorize this court to guard against redundant or disproportionate discovery.

We conclude that defendants' motions to compel are unduly burdensome because 1) the information necessary to show improper installation by PRASA may be obtained *directly* from PRASA's polybutylene records, and 2) as a result of this Opinion and Order, defendants will have an opportunity to examine new information disclosed by PRASA.

Motions to compel are DENIED.

15. *See* note 13, at 13–14.

16. *See* Reply by Resin Defendants ..., *supra* note 1, at 8–10.

## V. *Production of Documents, Fed.R.Civ.P. 34(a)*

On January 22, 1985, PRASA filed a supplemental answer to substantiate its alleged claim of defects in the manufacture of PB tubing and resin. In their motions to compel, defendants have objected to this answer,[16] and we hold PRASA's answer to be evasive and incomplete. *See* Fed.R. Civ.P. 37(a)(3).

Responding to this Magistrate's instructions on August 7, 1985, PRASA filed on August 12, 1985 a statement superceding its supplemental answer. This statement is now being challenged by defendant Shell in its motion to compel filed August 29, 1985. Shell does not appear to dispute the factual sufficiency of PRASA's statement. Rather, Shell contends that PRASA refuses to produce twenty-four of the documents cited in the statement of August 12, 1985. We note that PRASA has filed on September 9, 1985 an opposition to Shell's motion. We agree with Shell, however, it is *not* unduly burdensome for PRASA to produce the documents. *See* Fed.R.Civ.P. 34(a) advisory committee note (1970); *see also* 8 C. Wright & A. Miller, Federal Practice and Procedure § 2214 at 647–48 (1970).

The relevance of the documents and defendants' need for information are undisputed. The documents allegedly contain information supporting PRASA's allegations of negligence and unfitness. Given the importance of these documents, we conclude it is not unreasonable to order their production.

We find it untenable that PRASA, while attempting to avail itself of Rule 33(c), still refuses to make available the documents for defendant Shell's inspection.

Consistent with this Opinion, we ORDER PRASA to produce for defendant Shell's inspection the twenty-four documents specified in the motion to compel filed August 29, 1985. Paragraph (a) of Shell's motion is GRANTED.[17]

17. *See* Motion to Compel ... by Shell, 6 (filed Aug. 29, 1985).

By September 24, 1985, parties are to have agreed to a convenient date for Shell to inspect and copy at PRASA's premises these documents.

Paragraphs (b)(c) and (d) in Shell's motion are DENIED.[18]  Assignment of costs pends.

### VI.  *Miscellaneous Objections*

It is ORDERED that PRASA file under *oath* as required by Fed.R.Civ.P. 33(a) all supplemental answers filed January 22 and 24, 1985.[19]  PRASA has until September 24, 1985 to comply.

The sufficiency of PRASA's supplemental answers, if challenged, will be resolved following PRASA's compliance with Rule 33(a).[20]

Defendants' interrogatories seeking identification of "all persons who have knowledge of any facts pertaining to this lawsuit" are overbroad or unduly burdensome.[21]  Motions to compel are DENIED.

Defendants motions to compel filed in August, 1984, 1985 and February, 1985 are GRANTED, in part, and DENIED, in part.

SO ORDERED.

---

18.  *Id.* at 6.

19.  Docket Nos. 214, 216 A, 216 B, 216 C, 216 DD.

20.  Docket Nos. 216 A, 216 B, 216 C, 216 DD. For discussion of supplemental answer 214, *see* Part V of this Opinion.

21.  Plaintiff's Opposition ..., *supra* note 1, at 46–49.