FIRST INTERSTATE BANK OF WISCONSIN-SOUTHEAST, a banking corporation, Plaintiff,

v.

HERITAGE BANK & TRUST, Defendant-Respondent,

Frank STERBIN, Appellant,

Thomas J. FIORITA, a/k/a Thomas Fiorita, a/k/a Tom Fiorita, a/k/a T.J. Fiorita, unknown spouse of Thomas J. Fiorita, West Painting Mfg. Co., Greene Glass, Orth-Abbott Insurance, Ernest Urdiales, Jr., Wisconsin Electric Power Co., Insurance Company of North America, KPI Food Service Co., Walnut Equipment Leasing Co., State of Wisconsin, Department of Industry Labor & Human Relations and United States of America, Defendants.

Court of Appeals

No. 91-1324. Submitted on briefs December 23, 1991.—Decided January 22, 1992.

(Also reported in 480 N.W.2d 555.)

■■■■■■■■■■■■

■■■■■■■■■■■■■

■■■■■■■■■■■■■■

■■■■■■■■■■■ ■■■■■

On behalf of appellant the cause was submitted on the briefs of *C. Judley Wyant, Wyant Law Offices, S.C.* of Racine.

On behalf of defendant-respondent the cause was submitted on the brief of *William E. Dye, Foley, Dye, Foley & Tollaksen, S.C.* of Racine.

Before Nettesheim, P.J., Brown and Anderson, JJ.

ANDERSON, J. Frank Sterbin appeals from a supplemental order confirming a sheriff's sale distributing surplus proceeds to the second mortgage holder. Sterbin maintains that the circuit court erred in denying Sterbin discovery before it ordered the surplus disbursed. Sterbin also contends that a mortgage holder should lose priority for future advances made when the mortgage holder should have had reason to know of the existence of a subsequent mortgage. Because we conclude that Sterbin did not timely assert a right to discovery, and sound business practices would not be fostered by imputing constructive knowledge to a mortgage holder, we affirm.

This appeal originates from a foreclosure action in which First Interstate Bank of Wisconsin-Southeast (First Interstate), now known as Norwest Bank-Wisconsin, which is not a party on appeal, obtained a judgment of foreclosure against Thomas J. Fiorita on a first mortgage covering residential property in Racine. At the sheriff's sale, the property was purchased by the respondent Heritage Bank and Trust (Heritage), the holder of a second mortgage. Heritage's second mortgage included an "optional future advances clause." There was also a third mortgage held by First Interstate. Before the sher-

iff's sale, First Interstate assigned the third mortgage to Frank Sterbin.

After the sheriff's sale, Sterbin brought a motion for distribution of the surplus proceeds from the sale. This motion was heard, along with First Interstate's motion for confirmation of the sheriff's sale, on December 4, 1990. The question of law at the hearing was whether, under the rule of *Colonial Bank v. Marine Bank,* 152 Wis. 2d 444, 449–50, 448 N.W.2d 659, 661 (1989), advances made by Heritage, after the third mortgage held by Sterbin was recorded, were to be included under the security provided by the second mortgage. During the hearing, Sterbin stated that he believed there was some need for fact finding on the issue of whether Heritage made advances to Fiorita with knowledge of the existence of the third mortgage; Sterbin thought that this could be done through either depositions or a fact-finding hearing.

The circuit court withheld ruling on First Interstate's motion to confirm the sheriff's sale. The court continued the motion hearing until January 18, 1991 to permit Sterbin and Heritage to file briefs on the question of law. At the continued motion hearing, the circuit court ruled that it would not extend *Colonial Bank* to situations where the lender with an "optional future advances clause" does not have actual knowledge of the subsequent mortgage. The circuit court refused to hold that Heritage lost its priority for advances made to Fiorita after the third mortgage was recorded if Heritage should have known about the existence of the third mortgage. During the hearing, Sterbin never requested a fact-finding hearing or a delay of the circuit court's ruling to conduct discovery. The circuit court confirmed the sheriff's sale and disbursed the surplus proceeds to Heritage.

951

Sterbin immediately filed a motion for reconsideration alleging that the circuit court denied him the opportunity to conduct discovery on whether Heritage contemplated making future advances when it wrote the second mortgage, and whether Heritage knew of the third mortgage when it made future advances. The circuit court held that Sterbin had waived discovery when he did not acquaint the court with his desire to conduct discovery on these issues.

Sterbin argues on appeal that the circuit court abused its discretion when it held that he waived his right to discovery. Sterbin contends that discovery was necessary to determine whether future advances were contemplated by Heritage when it wrote the second mortgage, and whether Heritage was aware of the third mortgage when it made future advances to Fiorita. The final issue on appeal is whether *Colonial Bank* should be extended to situations where the prior mortgagee should have known of the existence of a subsequent mortgage when it made future advances to the mortgagor.

█

Whether a circuit court erred in denying a party the right to discovery is a question of whether the court abused its discretion. *See Vincent & Vincent, Inc. v. Spacek,* 102 Wis. 2d 266, 270, 306 N.W.2d 85, 87 (Ct. App. 1981). An appellate court will accede to the findings of fact made by the circuit court unless they are clearly erroneous. Section 805.17(2), Stats.

█

Sterbin did not properly assert or preserve his right to discovery for two reasons. First, discovery under ch. 804, Stats., is self-executing and does not require a court order before a party can begin to use the various discovery tools of ch. 804. *See Dubman v. North Shore Bank,* 75 Wis. 2d 597, 601, 249 N.W.2d 797, 799 (1977). Sterbin

did not attempt to use any form of discovery authorized by ch. 804 and cannot now complain that the circuit court abused its discretion in denying him the right to discovery. Sterbin does not explain why he never sought to take depositions, serve written interrogatories or serve a request to produce documents.[1] When a party fails to gather facts through self-executing discovery, he or she cannot protest that the circuit court refused a request for discovery.

Second, Sterbin never specifically informed the circuit court that he wanted to be afforded the opportunity for discovery. His motion for a share of the surplus proceeds did not seek discovery. At the December 4, 1990 hearing, he limited his request for fact finding to the balance then due on the first and second mortgage and he acknowledged that it made economic sense for the circuit court first to decide the question of law. At the continued hearing on January 18, 1991, Sterbin never requested discovery after the circuit court ruled that it would not extend *Colonial Bank* to include constructive knowledge of a subsequent mortgage by the lender making future advances. Sterbin's failure to pursue his request for discovery or a fact-finding hearing constitutes waiver of this issue and forecloses his complaint that the circuit court abused its discretion.

Thus, Sterbin waived any argument he might have had on the question of whether Heritage contemplated making future advances to Fiorita when it took Fiorita's

---

[1]During the hearing on the motion to reconsider, Sterbin suggested that the information he needed could be found in any title insurance policies Heritage ordered before making advances to Fiorita. Sterbin has never demonstrated why he did not file a request for the production of title insurance policies as allowed under sec. 804.09, Stats.

second mortgage. During the December 4, 1990 motion hearing, Sterbin asserted that future advances must be in the contemplation of the parties. However, he abandoned that assertion on January 18 when he instead argued for an extension of *Colonial Bank* to include situations where the prior mortgagee should have known of the existence of a subsequent mortgage.

Likewise, Sterbin waived his argument that there was an issue as to Heritage's knowledge of the third mortgage when it made advances to Fiorita. On January 18 the circuit court stated, "there's no argument made in this case that there was actual knowledge on the part of . . . Heritage Bank." Sterbin did not object to this statement made by the circuit court as a prelude to holding that it would be against public policy to extend *Colonial Bank*. When a party fails to object to a circuit court's characterization of the underlying facts, that party has waived the right to argue the issue on appeal. *See Pabst Corp. v. City of Milwaukee,* 193 Wis. 522, 529–30, 215 N.W. 670, 671 (1927).

As an alternative argument, Sterbin promotes the position that *Colonial Bank* should be extended to include situations where the prior mortgagee should have known of the subsequent mortgage. In *Colonial Bank,* the first mortgagee, Colonial Bank, knew that there was a second mortgage when it made two advances to the mortgagor. The trial court held that the two advances made by Colonial Bank had priority over Marine Bank's second mortgage. Marine Bank appealed and the supreme court held that "although mortgages to secure future advances are valid, optional advances made by the first mortgagee with actual knowledge of a second mortgage do not have priority over the second mort-

gage." *Colonial Bank,* 152 Wis. 2d at 446, 448 N.W.2d at 659.

Sterbin asserts that extending this ruling to include situations where the prior mortgagee *should have known* about the existence of a subsequent mortgage will encourage lenders to follow prudent business practices. His position is that an extension of the rule will require prior mortgagees to obtain an accurate credit history of the borrower and a current title insurance policy before each advance is made.

We disagree. All an extension of *Colonial Bank* will do is increase the cost to the borrower who will be required to pay for each new credit history and title insurance policy. It is conceivable that such costs will make it prohibitive for a borrower to make full use of the equity in his or her property. We agree with the circuit court that, in today's business and commercial world, it is more reasonable to place the burden on the subsequent mortgagee to protect its security. The circuit court deemed it appropriate to require the second mortgagee to give actual notice to the prior mortgagee of the second mortgagee's security interest.

*By the Court.*—Order affirmed.